[No. 38.   Decided May 31, 1890.]

## HANS NELSON, A. CHILDBERG AND J. JOHNSON V. THOMAS H. CAMPBELL.

JUSTICE OF THE PEACE — JURISDICTION — APPEARANCE — CONTIN-UANCE.

Under § 1769 Code Wash. T., a justice of the peace loses juris-diction of the case when he grants a continuance thereof for more than sixty days.

A complaint coming into the possession of a justice of the peace by reason of his succession to the office cannot be presumed to have been filed by him on any other date than the day of his succession to office, though marked filed by him as of a later date; and defend-ant must be cited to appear within twenty days from the date of filing.

Where a defendant cited to appear in an action before a justice of the peace comes in and asks for a continuance for one day, and on the next day appears specially to object to the jurisdiction for certain irregularities, it is not such an appearance as would confer jurisdic-tion on the justice. (SCOTT, J., and ANDERS, C. J., dissent.)

*Error to District Court, King County.*

Thomas H. Campbell commenced an action against Hans Nelson, one of the appellants, in the justice's court of H. F. Jones, justice of the peace in the Seattle precinct, King county, for $100 commission on sale of real estate. A change of venue was had to the justice's court of N. Sod-erberg, justice of the peace in the same precinct. Decem-ber 28, 1888, the case was tried before Justice Soderberg and a jury. The jury failed to agree, and were discharged. The court adjourned, continuing the case to March 6, 1889. March 4, 1889, Justice Soderberg's term of office expired. On that day, Claudius M. Rivers, a newly elected justice

of the peace in that precinct, qualified and took charge of the records of Justice Soderberg's court. No action was taken in the case on March 6. April 8, 1889, Justice Rivers issued a notice attached to the original complaint, requiring defendant to appear and answer on April 18, 1889. On that day defendant's attorney appeared and asked for a continuance of one day, which was granted. On the next day defendant appeared specially and objected to the jurisdiction of the court, which objection was overruled, and judgment rendered for $100 and costs, including the costs before Justices Jones and Soderberg. Nelson sued out a writ of *certiorari* from the district court, with A. Chilberg and J. Johnson as sureties on his *certiorari* bond. The district court affirmed the judgment of Justice Rivers, and rendered judgment against Nelson and his sureties, which it refused to set aside on rehearing; and they appeal.

*John Arthur*, and *N. Soderberg*, for plaintiffs in error.

*A. E. Isham*, for defendant in error.

The opinion of the court was delivered by

DUNBAR, J. — If the appellee, in support of his judgment, relies upon the commencement of the action before Justice Jones, and which was tried before Justice Soderberg on the 28th day of December, 1888, (and the case has evidently been tried upon that theory, from the fact that the costs in Justice Jones' and Soderberg's courts are incorporated in the judgment rendered by Justice Rivers), his case must fail; for the period from December 28, 1888, to March 6, 1889, the date to which the case was continued, is more than sixty days; and under § 1769 of the code, a justice of the peace has no authority to continue a case for more than sixty days; and upon such a continuance the court lost jurisdiction of the case; for the rule of liberal construction applied to proceedings in a justice's court does not extend to jurisdictional questions.

If, on the other hand, it is contended that it is a new case, commenced at the time of the filing of the complaint by Justice Rivers, we are confronted by § 1712 of the code, which provides that, in the commencement of civil actions before a justice of the peace, either by service of a summons or by service of a copy of the complaint and notice, the defendant must be cited to appear at a time which shall not be more than twenty days from the date of filing the complaint. If Justice Rivers had any authority at all to file the old complaint, it was by reason of his succession to the office of Justice Soderberg on the 4th day of March, 1889, at which date the complaint would come into his possession, and would be presumed to be filed, if at all. The mere fact that he did not place the file mark on it until March 25th, cuts no figure whatever. More than twenty days, then, having elapsed between the filing of the complaint, March 4, 1889, and April 18, 1889, the notice was in conflict with the requirements of the statutes.

On either supposition, the court was without jurisdiction and the judgment was void. We do not think that the appearance made by the defendant (appellant) was such an appearance as would give the court jurisdiction of the case.

The judgment of the court below is reversed.

HOYT and STILES, JJ., concur.


SCOTT, J. (*dissenting*). — I do not agree with the opinion rendered in this case. Section 1769 of the code only applies to a continuance upon the application of one of the parties. A cause may be continued by a justice of the peace for a longer period than sixty days with the consent of both parties. The record is silent as to why the continuance was granted, or at whose request, but as both parties were present in court, it must be presumed, in the absence of any objection thereto by the party complaining, that the adjournment from December 28, 1888, to March 6, 1889, was with the consent of both parties. After jurisdiction is once

shown to have been obtained, the same presumptions in favor of the regularity of the subsequent proceedings apply to justices' courts as to courts of record. The fact that the justice who continued the cause was succeeded in office by another justice, prior to said March 6th, would not affect the proceeding. Section 1704 makes provision for such cases.

The court lost jurisdiction, however, by a failure to make some sufficient disposition of the cause on March 6th, at the hour to which it had previously been adjourned. Nor could the second notice have operated to revive the suit, had the defendant failed to appear, or had he specially appeared and objected thereto. The record shows, however, that the defendant did appear on April 18th, in response to the notice. The plaintiff also appeared, whereupon, the record states, " defendant's attorney files a motion for continuance; motion granted, and cause continued to April 19, 1889, at 1 o'clock P. M. Subpœna issued for one witness," etc. This appearance of the defendant and asking for an adjournment was a general appearance, and waived all prior irregularities. The errors complained of only went to the jurisdiction of the person of the defendant, and not to the subject-matter of the action. The defendant's appearance revived the suit, and it was treated by the court and parties as a continuation thereof. The objection, that the court had lost jurisdiction, and special appearance to urge the same, April 19th, came too late. It should have been made in the first instance. As to the effect of a general appearance in an action, see *Shaffer v. Trimble*, 2 Greene (Iowa), 464; *Bazzo v. Wallace,* 16 Neb. 290; *Christal v. Kelly,* 88 N. Y. 285; *Toland v. Sprague,* 12 P et. 300, 329; *Orear v. Clough,* 52 Mo. 55; *Handy v. Insurance Co.,* 37 Ohio St. 366. Section 1712 of the code provides that a suit may be commenced by the voluntary appearance and agreement of the parties, etc.

The judgment of the district court, sustaining the judgment rendered by the justice, should have been affirmed.

ANDERS, C. J., concurs in dissenting opinion.

| 1 | 265 |
| 1 | 276 |

| 1 | 265 |
| 8 | 19 |
| 24* | 439 |
| 35* | 420 |

| 1 | 265 |
| 17 | 598 |

| 1 | 265 |
| d33 | 343 |
| e33 | 344 |