# JAMES B. LARUE, Appellant, *v.* GEORGE W. GASKINS, Respondent.

The plaintiff commenced an action of forcible entry and detainer against the defendant. in a Justice's Court. The Justice, instead of trying the case, certified it to the District Court. *Held,* that the transfer was illegal, and could not defeat the plaintiff's rights by operating a discontinuance.

Where a Justice is interested in the event of a suit, the statute requires that he should transfer the case before another Justice.

APPEAL from the County Court of Alameda County.

In August, 1853, the plaintiff commenced in a Justice's Court, in Alameda County, an action of forcible entry and detainer against the defendant. The defendant answered, claiming title to the premises.

The Justice, instead of proceeding to try the case, certified it to the District Court. The cause was tried in the District Court of the Third Judicial District, during the November Term of 1853, and judgment rendered against the defendant.

The defendant appealed to the Supreme Court, and at the January Term of 1854, the judgment of the District Court was reversed, with instructions to remit the cause to the Justice.

After the appeal from the District Court to the Supreme Court, and before the judgment of the District Court was reversed, the Justice who first tried the case, vacated his office. The defendant having been elected Justice of the Peace for the same township, was at the time of the reversal duly exercising the duties of his office.

When the case was brought on for trial, the plaintiff moved to have the case transferred before another Justice, alleging that the Justice was incapacitated by reason of interest from hearing the cause. This the Justice refused, and further declined to proceed in the trial, assigning as a reason, that the case having been once transferred to the District Court, the Justice had lost all jurisdiction in the matter.

Plaintiff petitioned the County Court for a mandamus, to compel the Justice to certify the cause and papers to the Court of some other Justice in the county. The Court coincided in the views of the Justice as to the point of jurisdiction, and refused the petition. Plaintiff appealed.

*Glassell & Leigh*, for Appellant.

The Justice, being clearly interested, should have transferred the case, as is provided by the statute. See Prac. Act, § 582. Comp. L., p. 624.

The Justice should not have taken it upon himself to inquire into the merits of a case on a simple motion for a transfer; nor into any questions of jurisdiction which might have been raised on the trial of the cause.

The Judge should have issued the mandamus. Comp. L., 602, §§ 467–470. Prac. Act., § 582. 2 Pick., 414. 10 Ib., 244. 7 Mass., 340.

Upon an application to a County Judge for a writ of mandate like the present, the Judge cannot go into an examination of the merits of the action, nor into questions of jurisdiction which might arise when the cause is tried.

*E. R. Carpentier*, for Respondent.

The Justice lost all jurisdiction of the case by the transfer of the cause to the District Court. Gamage *v.* Law, 2 Johns., 192. Sprague

*v.* Shed, 9 Ib., 140. Fanning *v.* Trowbridge, 5 Hill., 428. Thompson *v.* Sayre, 1 Denio, 175. Proudfit *v.* Henman, 8 Johns., 391.

The motion to transfer the case was properly denied: because after the return of the papers from the District Court, this action had no vitality or existence. It was no longer a cause pending before the Justice, as mentioned in the statute. The papers were ordered by the District Court to be transmitted to the Justice, but without instructions to proceed, for the Court could give no such instructions. The statute has defined the duties of the Justice, and a Superior Court could not restore his lost powers, except in the case, if any, where especially provided by the Legislature.

The County Judge properly refused the mandamus; it was his duty to fully examine the case and ascertain whether the petitioner had been injured, before he could award the extraordinary remedy.

MURRAY, C. J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

The transfer of the cause from the Justice's to the District Court, was illegal, and cannot defeat the plaintiff's rights by operating a discontinuance.

After the decision of this Court, the case stood on the docket as if no transfer had ever been made, and it was his duty to proceed and try it. Being disqualified by the statute, he should have transferred it.

The Court below is directed to issue a peremptory mandamus.