[No. 11527. In Bank. — November 27, 1886.]

# W. O. STUTTMEISTER, ADMINISTRATOR, ETC., OF F. W. R. STUTTMEISTER, DECEASED PETITIONER, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

CERTIORARI — APPEALABLE ORDER. — An order which is appealable will not be reviewed on *certiorari*, either before or after the expiration of the time allowed by law for appealing therefrom.

ID. — ESTATE OF DECEDENT — ORDER DIRECTING SALE OF LAND — REVIEW OF — APPEAL. — A writ of *certiorari* will not lie, at the instance of an administrator of the estate of a deceased person, to review an order of the superior court, sitting in probate, directing him to sell certain real property belonging to the estate; nor will it lie to review an order requiring him to proceed with the sale as directed in a previous order. In such a case, the remedy of the administrator is by an appeal from the order of sale.

APPLICATION for a writ of review. The facts are stated in the opinion.

*Ben Morgan*, for Petitioner.

*S. S. Wright*, and *J. H. Moore*, for Respondent.

SEARLS, J. This is an application by W. O. Stuttmeister, as administrator with the will annexed of the estate of F. W. R. Stuttmeister, deceased, for a writ of *certiorari* directed to J. V. Coffey, judge of the Superior Court, Department Nine (probate), in and for the city and county of San Francisco, requiring him to certify to this court for review the record in the matter of the estate referred to.

An alternative writ issued, under which the record is before us, and from which it appears that on the twenty-third day of July, 1885, an order was made by the Superior Court (in probate), requiring the petitioner, as administrator of the estate of F. W. R. Stuttmeister, to sell at public auction certain real estate belonging to the estate of deceased, situated on Howard Street, San Francisco.

The petition for the order of sale was filed by and on behalf of John A. Collins, an adjudged creditor of the estate, and is in the usual form, showing the existence of debts, the necessity of a sale to pay the same, that the administrator has failed to apply for an order, etc.

The order of sale recites the facts of notice and service upon the administrator, finds the existence of debts against the estate, necessity of sale of the real property to pay such debts, etc., in the usual form, shows that the administrator was present by attorney, and consented to the order.

Subsequently, and on the nineteenth day of February, 1886, after notice and hearing, an order was made by the court, reciting that the administrator had unreasonably neglected and refused to comply with the order of sale of July 23, 1885, and ordering him without delay to proceed to sell the property as in the order of sale directed, etc. Thereupon the writ herein was sued out.

"A writ of review [*certiorari*] may be granted by any court, except a Police or Justice's Court, when an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction of such tribunal, board, or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy, and adequate remedy." (Code of Civ. Proc., sec. 1068.)

The writ will not lie where there is an appeal from the action complained of. (*People* v. *Shepard*, 28 Cal. 117; *People* v. *Turner*, 1 Cal. 153; *Clary* v. *Hoagland*, 13 Cal. 173; *Newman* v. *Superior Court*, 62 Cal. 543; *Golden Gate H. M. Co.* v. *Superior Court*, 65 Cal. 187; *Slavonic M. B. Association* v. *Superior Court*, 65 Cal. 500.) And if there is an appeal, but the time for taking it has elapsed, the writ will not lie. (*Bennett* v. *Wallace*, 43 Cal. 25; *Faut* v. *Mason*, 47 Cal. 8.)

An order of the Probate Court directing the sale of real estate is appealable. (Code Civ. Proc., sec. 963, subd. 3; *Estate of Corwin*, 61 Cal. 161.)

It follows that, as petitioner had a remedy by appeal for any errors or irregularities involved in the order of sale, the writ of review will not lie.

If it be urged that the order of February 19, 1886, requiring the administrator to proceed with the sale as directed in the previous order is not appealable, it must be admitted. (*Estate of Martin,* 56 Cal. 208.) But the answer is, if the original order was regular and proper to be made, petitioner is not entitled to any relief; if it was not, he should have appealed from it.

Were the rule otherwise, every defendant against whom a final judgment is rendered, requiring the performance of a special act, could wait until adjudged guilty of contempt for non-performance of the required act, and then by a writ of review call for the examination of alleged errors in the judgment.

The writ is not given in lieu of an appeal, but only to review errors in excess of jurisdiction, for which an appeal does not lie; and the error here (if any) was in the order of sale, and not in the subsequent order directing the administrator to proceed therewith.

The application should be dismissed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. For the reasons given in the foregoing opinion, the application for a writ of *certiorari* is denied.

Rehearing denied.