[No. 9774.   Department Two. — April 20, 1888.]

ELIZA WATERS, RESPONDENT, v. LUCIEN DUMAS ET AL., APPELLANTS.

JOINT TRESPASS — DEFENDANTS SUED JOINTLY — HUSBAND AND WIFE — DEMURRER. — The complaint in an action to recover for a joint trespass against individuals who are husband and wife, which does not allege their marital relation, is not demurrable for a failure to state why she is joined as a defendant with him.

ID. — MALICIOUS TRESPASS — DAMAGES — INSTRUCTION. — In an action to recover for a wanton and malicious trespass, in which special facts in aggravation of damages are alleged in the complaint, it is not error to refuse to instruct the jury that the plaintiff is only entitled to such

damages as she may have sustained in the temporary use and occupation of the premises, and not to special damages.

VERDICT — TIME OF ENTRY. — A verdict will not be set aside for a failure to enter judgment thereon within twenty-four hours after its rendition.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Robert Ash,* and *Marshall & Baggett,* for Appellants.

*P. C. Trusseau,* and *N. B. Mulville,* for Respondent.

SEARLS, C. J.—This is an action to recover damages for a trespass upon real property.

Plaintiff had a verdict for $301, for which sum, together with costs, judgment was rendered in her favor.

The appeal is from the final judgment, and from an order denying a new trial.

The complaint avers in substance that plaintiff was a resident and occupant of the house No. 50 Stevenson Street, San Francisco (describing it); that on or about the thirteenth day of February, 1884, the defendants wrongfully and maliciously took down, removed, and carried away the front door of said house; took out and carried away the windows therefrom; stopped and stuffed the flues of the chimney so as to prevent the escape of smoke through the same; that the weather was wet, cold, and stormy, and that when plaintiff had tacked cloth to the windows to keep out the cold, defendants tore down the same, threatened and reviled her, struck her with a board or piece of stick; that by reason thereof, and by reason of the cold and the open windows, etc., plaintiff suffered severely, both mentally and physically, to the extent of one thousand dollars.

Defendant demurred to the complaint, and urges that as Emilie Dumas, one of the defendants, was the wife of

Lucien Dumas, her co-defendant, and as no reasons are given for joining her as a defendant, the demurrer should have been sustained.

The answer to the proposition is, that there is not a word in the complaint either showing or tending to show that the parties defendant are husband and wife. They are declared against as joint trespassers, and the allegations are amply sufficient to render them liable as such.

The motion to set aside the verdict because judgment was not entered thereon within twenty-four hours after its rendition was properly denied.

It is true, section 664 of the Code of Civil Procedure requires judgment to be entered by the clerk in conformity with the verdict within twenty-four hours after its rendition, unless the cause is reserved for argument or consideration, or a stay of proceedings is granted.

The court does not, however, lose jurisdiction of the cause by a failure to enter the judgment within the time prescribed, or by failure of the clerk to perform his duty.

The only penalty provided for such a case is to be found in subdivision 6 of section 581, Code of Civil Procedure, which authorizes the court to dismiss the action where, for six months after verdict or final submission, the party entitled to judgment neglects to demand or have the same entered.

In this case less than four months elapsed between verdict and judgment.

We have referred to this ruling of the court for the reason that, assuming all that appellant claims, there was no error, but had there been, there is no bill of exceptions or authentication of the proceedings sufficient to support an assignment of error.

The third instruction asked by defendant, conceding but not holding it to be presented in the record in such form as warrants its review, was properly denied. It is as follows:—

"You are instructed that the only damages the plaintiff is entitled to recover in this action, if any, is such damages as she may have sustained in the temporary use and occupation of the premises described in the complaint; no special damages are alleged, and no special damages can be allowed under the plaintiff's complaint."

The action was for a wanton and malicious trespass, special facts in aggravation of damages were set out in the complaint, and there was at least some testimony in support of the allegations.

The instruction was therefore properly denied, and the proofs were sufficient to warrant exemplary damages under section 3294 of the Civil Code.

We see no merit in the appeal; and but for the fact that the testimony at the trial shows some extenuating circumstances, and that we deem the verdict quite large enough, we should feel inclined to add a penalty as for a frivolous appeal.

The judgment and order appealed from are affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.

Hearing in Bank denied.