[No. 13925.  In Bank. — April 2, 1891.]

## JOHN HEINLEN, APPELLANT, *v.* P. C. PHILLIPS, RESPONDENT.

88 557
97 525
88 557
98 194
88 557
133 248
f133 319
133 320
133 321

APPEAL — JURISDICTION — CERTIORARI — ANNULLING ORDER OF JUSTICE'S COURT. — The supreme court has jurisdiction of an appeal from an order of the superior court, made on *certiorari*, annulling an order of a justice's court.

ID. — CASE OVERRULED. — The decision in the case of *Bienenfeld* v. *Fresno Milling Co.*, 82 Cal. 425, is overruled.

ID. — AMOUNT IN CONTROVERSY — JURISDICTION — ADEQUATE REMEDY. — The jurisdiction of the supreme court on appeal from a judgment rendered in a case of *certiorari* does not depend upon the amount in controversy; but the only question the appellate court looks into is to ascertain whether the inferior tribunal, board, or officer had jurisdiction, and if not, whether there is any plain, speedy, and adequate remedy.

JUSTICE COURT — JURISDICTION — SETTING ASIDE JUDGMENT. — A justice of the peace has no power to set aside a judgment rendered after a regular trial.

ID. — TIME FOR RENDITION OF JUDGMENT — DIRECTORY STATUTE. — Section 892 of the Code of Civil Procedure, providing that "when the trial is by the court judgment must be rendered at the close of the trial," is merely directory, and a judgment is not void because not rendered until six weeks after the submission of the case.

APPEAL from an order of the Superior Court of Tulare County, made on *certiorari*, annulling an order of a justice of the peace.

The facts are stated in the opinion of the court.

*G. A. Heinlen*, for Appellant.

*B. C. Mickle*, and *R. Irwin*, for Respondent.

SHARPSTEIN, J. — This is an appeal from an order of the superior court, made on *certiorari*, annulling an order of a justice of the peace, by which a judgment previously rendered was set aside.

The cause appears to have been submitted in the superior court upon the return made to the writ. At any rate, there is nothing in the record before us to show that the return was controverted, and for the purpose of

the present appeal it must be taken to be true. The material facts shown by the petition and the return are as follows:—

John Heinlen, the appellant here, brought an action in the justice's court of J. B. Runyon, of Mussel Slough township, Tulare County, against the respondent, P. C. Phillips, to recover the sum of $150 for services rendered. An answer was put in, and a trial was had before another justice, who was called in by Justice Runyon to sit in his place. Both the parties were represented at such trial, and witnesses were sworn and examined. The case was submitted on December 16th, and on the 29th of the following January judgment was rendered for the plaintiff, for sixty dollars and costs. On the 20th of the following March, the plaintiff moved the court to set aside this judgment. The motion was heard by Justice Runyon, and was granted. The defendant then moved to have the order granting such motion set aside, but failing in this, obtained a writ of *certiorari* from the superior court, which, after a hearing, annulled the order vacating the judgment. The appeal is from this order of the superior court.

1. A motion is made to dismiss the appeal, upon the ground that since the amount involved is less than three hundred dollars this court is without jurisdiction. And the case of *Bienenfeld* v. *Fresno Milling Co.*, 82 Cal. 425, decided by Department Two of this court, sustains the position. But that case is in conflict with the prior decisions, which in the pressure of business were overlooked, and we think it is best to return to the settled rule. The point was decided in *Winter* v. *Fitzpatrick*, 35 Cal. 269, which overruled a prior case. The opinion was delivered by Sanderson, J., who said: "The jurisdiction of this court in proceedings of this character does not depend upon the amount in controversy. Our review does not embrace the merits of the action. We look into the case no further than may be necessary to

ascertain whether it is a case in which the inferior tribunal, board, or office from which it comes had jurisdiction, and if not, whether there is any other plain, speedy, or adequate remedy. For that purpose we may or may not have occasion to look to the amount in controversy, but not for the purpose of adjudicating the amount or any question involving the right of either party to a judgment upon the merits."

This case was approved and followed in *Morley* v. *Elkins*, 37 Cal. 456, and *Palache* v. *Hunt*, 64 Cal. 474. This would seem to be sufficient to establish the rule; and as the department did not have before it the case mentioned, we think that *Bienenfeld* v. *Fresno Milling Co.*, 82 Cal. 425, must be overruled. The motion to dismiss is therefore denied.

2. Upon the merits, we think that the judgment should be affirmed. The judgment rendered in the first instance was not by default, but after a regular trial; and it has been held that in such case the justice has no power to set it aside. (*Weimmer* v. *Sutherland*, 74 Cal. 341.)

It is argued, however, that the first judgment in the justice's court was void, because it was not rendered until six weeks after the case had been submitted. The provision of the Code of Civil Procedure is as follows:—

"Sec. 892. When the trial is by the court, judgment must be rendered at the close of the trial."

It is to be observed that no penalty is prescribed or consequence attached to a violation of this section. And we think that if the legislature had intended that the delay of a day by the justice (for that would be a violation of the provision) should subject the parties to the expense of a retrial, it would have said so in express terms. A similar but much stronger provision was enacted in relation to the district courts, but it was held to be merely directory. (*McQuillan* v. *Donahue*, 49 Cal. 157.) It is true that the superior court is a court of general

jurisdiction, while the justice's court is one of limited jurisdiction. But the decision did not proceed upon the power of the court, but upon the intention of the legislature.

The judgment is affirmed.

HARRISON, J., DE HAVEN, J., PATERSON, J., GAROUTTE. J., and BEATTY, C. J., concurred.

McFARLAND, J., dissented.

Rehearing denied.