[S. F. No. 1473.   Department Two. — July 3, 1901.]

AMERICAN TYPE FOUNDERS COMPANY et al., Appellants, v. JUSTICE'S COURT OF SAUSALITO TOWNSHIP, etc., Respondents.

JUSTICE'S COURT — TAKING CASE UNDER ADVISEMENT. — Under section 892 of the Code of Civil Procedure, providing that when a trial is had by the justice's court, judgment must be rendered at the close of the trial, the justice is not prohibited at the conclusion of the trial from taking the case under advisement and afterwards rendering judgment. A judgment so rendered, even after the lapse of several months, is valid.

APPEAL from a judgment of the Superior Court of Marin County. F. M. Angellotti, Judge.

The facts are stated in the opinion of the court.

Gordon & Young, for Appellants.

T. J. Crowley, for Respondents.

TEMPLE, J.—This appeal is from a judgment rendered upon *certiorari* by the superior court of Marin County, affirming the judgment of a justice of the peace.

A case was tried by the justice, and at the conclusion of the trial was taken under advisement, and the parties were allowed to file briefs. Some months afterwards, the justice rendered judgment in favor of the plaintiff in that action. The defendant subsequently commenced this proceeding.

His contention is, that a justice of the peace has no authority to take a case under advisement, and that a failure to decide a case *at the conclusion* of the trial works a discontinuance of the cause. This contention is based upon section 892 of the Code of Civil Procedure, which reads: "When the trial is by the court, judgment must be rendered at the close of the trial."

The point was made and expressly decided in *Heinlen* v. *Phillips*, 88 Cal. 557. Counsel for the appellants contends that all that was said upon the subject in that case was *obiter*, because it was also urged and decided in that case that the justice of the peace had no power to set aside the judgment, it not being a judgment by default. It was held in

*Winter* v. *Fitzpatrick*, 35 Cal. 269, that a justice could not vacate a judgment entered by him. This question was reconsidered in *Weimmer* v. *Sutherland*, 74 Cal. 341, and it was there said that the justice court could only vacate a judgment in cases where it was expressly authorized by statute; and it was authorized by section 859 of the Code of Civil Procedure to do so with reference to judgments entered upon a default, but could do so in no other cases.

It seems that in *Heinlen* v. *Phillips*, 88 Cal. 557, notwithstanding these decisions, respondent to the writ again raised the point, but, in this court at least, his main reliance was upon the proposition that the judgment was void, and therefore could have been vacated at any time, and that, at all events, there being no valid judgment in the case, the order setting the case for trial was valid. The point was properly before the court, and necessarily decided. A decision of the other question did not dispose of the case, for if the judgment which the justice had entered was void, it was properly struck out of the record. We have held that it is always in the power of the court to erase from its records a void judgment. The decision was one, therefore, which the court was bound to make. Without the decision upon this point, the judgment entered would have been an absolute *non sequitur*, provided it had also appeared that the contention was made that the judgment which the justice had set aside was a void judgment.

The judgment is affirmed.

McFarland, J., and Henshaw, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank, and filed the following opinion on the 31st of July, 1901: —

BEATTY, C. J., dissenting. — I dissent from the order denying a rehearing. While it is true that the Department could not have decided otherwise than it did without disregarding the decision of the whole court in the case of *Heinlen* v. *Phillips*, 88 Cal. 557, — a decision in which I concurred, — I think the court in Bank should not hesitate to set aside its former ruling, if satisfied that it was erroneous. I am satisfied by the

argument and the authorities cited by appellant that *Heinlen* v. *Phillips*, 88 Cal. 557, was incorrectly decided, and this case is an illustration of the abuses that are possible under the practice there sanctioned. A justice of the peace may hold a case under advisement for an indefinite time (it was nearly fifteen months in this instance), and unless the losing party has kept constant watch upon the proceeding, a judgment may have passed beyond the reach of review before he has any notice of its entry. There is no requirement of notice of a justice's judgment, but the law commanding him to enter judgment at the close of the trial, if held mandatory, as it is in terms, would serve all the purposes of notice. As notice is essential for the security of the losing party, I think the law cannot too soon be relieved of a construction which destroys its efficacy.