[S. F. No. 2611. Department One.—April 1, 1903.]

## L. P. DISQUE, Appellant, v. I. HERRINGTON, Justice of the Peace, Respondent.

JUSTICE'S COURT—JURISDICTION—GRANTING AND REFUSAL OF CONTINUANCE—WRIT OF REVIEW.—The granting by a justice's court of a continuance for a few hours at the defendant's request, the plaintiff being ready and desirous to proceed with the trial, if it be an error against the plaintiff, cannot operate as a discontinuance of the action to plaintiff's prejudice; nor can any error in refusing a further continuance upon the affidavit of the defendant divest the court of jurisdiction. The judgment rendered for the plaintiff upon a trial had at the end of the continuance so granted, and after refusal of further continuance, cannot be annulled upon writ of review, which cannot be used to correct errors of law or fact.

APPEAL from a judgment of the Superior Court of Santa Clara County. A. L. Rhodes, Judge.

The facts are stated in the opinion of the court:

A. H. Jarman, for Appellant.

A justice's court is of special and limited jurisdiction, and can assume no power by implication. (*Winter* v. *Fitzpatrick,* 35 Cal. 269, 274; *Jones* v. *Justice's Court,* 97 Cal. 526; *Simon* v. *Justice's Court,* 127 Cal. 45.) A continuance because of the absence of defendant's attorney is not provided for nor warranted by the code. The continuance of the cause without legal authority, or in excess thereof, discontinues the cause,

and deprives the court of further jurisdiction. (*School Dept.*
v. *Thompson,* 5 Minn. 280; *Morris* v. *Hays,* 14 App. Div. 8;
43 N. Y. Supp. 639; *State* v. *Gust,* 70 Wis. 631; *Nelson* v.
*Campbell,* 1 Wash. 261; *Iowa etc. Tel. Co.* v. *Boylan,* 86 Iowa,
90; *Ruberts* v. *Hathaway,* 42 Mich. 592; Abbott's Trial Brief,
1900 ed., sec. 39; *Holder* v. *McCabe,* 2 Pa. Co. Ct. 41; *Wilcox*
v. *Clement,* 4 Denio, 160.)

Charles H. Hogg, for Respondent.

The court did not lose jurisdiction of the cause by the first
adjournment for defendant's benefit. (*Whaley* v. *King,* 92
Cal. 431; *Sherer* v. *Superior Court,* 96 Cal. 653.) The ap-
pellant has a remedy by appeal, and *certiorari* will not lie to
correct any error which may be remedied by appeal. (*Sherer*
v. *Superior Court,* 96 Cal. 653; *Stoddard* v. *Superior Court,*
108 Cal. 303; *White* v. *Superior Court,* 110 Cal. 54; *Noble* v.
*Superior Court,* 109 Cal. 523; *Tucker* v. *Justice's Court,* 120
Cal. 512.)

ANGELLOTTI, J.—This is an appeal from a judgment of
the superior court of Santa Clara County, rendered upon a
writ of review directed to a justice's court. The court below
found that said justice's court had not exceeded its jurisdic-
tion, and judgment went for respondent.

Appellant was a defendant in an action instituted in such
justice's court, and judgment was entered against him therein
for $34.29 and costs. He claims in this proceeding that the
justice's court had no jurisdiction to render any judgment in
that action, for two reasons,—1. Because, of its own motion,
on account of the absence of his attorney, it continued the
trial from 10 o'clock A. M. to 2 o'clock P. M. of the day fixed
for trial; and 2. Because it refused to grant him a continu-
ance from said day to some future time. Each of these
rulings of the justice, it is urged, operated to divest him of
jurisdiction to proceed further in the action.

The record shows the following to be the material facts: On
October 21, 1899, the justice regularly fixed October 27, 1899,
at 10 o'clock A. M. for trial, and duly notified the parties. On
October 24th, appellant's (defendant in that action) attorney
filed with said justice an affidavit for a continuance from

October 27th, on the ground of the absence of appellant's wife, also a party defendant, and alleged to be a material witness. In his affidavit, said attorney stated also that he could not be in the justice's court at the time fixed, as it was necessary for him to be in the superior court at that time.

On said October 27th, at 10 A. M., plaintiff in that action and his attorney were present in the justice's court, and demanded that the trial proceed. Neither the defendant nor his attorney was present. The justice refused to proceed, and "because of the absence of defendant's attorney," continued the case to 2 o'clock P. M. of the same day. At 2:45 P. M. of the same day, the case was called for trial, the attorneys for both parties being present. Plaintiff answered ready, and appellant's attorney asked for a continuance on the affidavit already on file, another affidavit filed by him at the time, and his own testimony. The justice denied the motion for a continuance, and the trial proceeded, appellant's attorney participating, and at the close of plaintiff's case moving for a nonsuit as to defendant's wife, which motion was granted. The case being submitted, judgment was given against the appellant, as already stated.

It seems very clear that the judgment of the justice's court cannot be held void for either of the reasons suggested. Appellant claims, as to the continuance from morning to afternoon, that the statute specially applicable to justice's courts nowhere, in terms, authorizes a postponement by the court *on its own motion* "because of the absence of the attorney of one of the parties," and that, therefore, in view of the peculiar and limited jurisdiction of justices' courts, the unauthorized continuance operated as a discontinuance of the action. The action of the justice was undoubtedly based upon the statement in the affidavit of appellant's attorney to the effect that he would be engaged in the superior court on that day, and the continuance was ordered for the purpose of enabling him to be present and be heard. It was, in fact, a continuance on appellant's request, and if it be conceded that it was erroneous as against the plaintiff in that action, it was nothing more than error in the exercise of jurisdiction. It would certainly be a harsh and unreasonable rule that would require the plaintiff, present and ready, and demanding to proceed at the time fixed for trial, to lose his action, simply because the

justice refused to proceed with the trial because of the non-appearance of the defendant, and we are satisfied that such is not the law in this state. In *Whaley* v. *King,* 92 Cal. 431, where the justice had granted a continuance without any legal showing, this court, in refusing to *mandamus* the justice to dismiss the action, said that if a justice improperly refused to proceed with the trial of the case at the time fixed, the remedy would be to obtain a writ of mandate compelling him forthwith to proceed with such trial. Of course, this could not be true, if jurisdiction was divested by the failure to proceed at the time fixed.

The refusal of the justice to grant defendant's application for a continuance to some later day was at most mere error, reviewable only upon appeal to the superior court. The statute does not give to an affidavit for continuance any such force as is contended for by appellant. "The writ of review cannot be used to correct errors of law or fact committed by the inferior tribunal within the limits of its jurisdiction." (*Sherer* v. *Superior Court,* 96 Cal. 653.)

The judgment of the superior court is affirmed.

Van Dyke, J., and Shaw, J., concurred.

Hearing in Bank denied.