[Civ. No. 269.   First Appellate District.—March 1, 1907.]

C. P. HALL, Respondent, v. JUSTICE'S COURT OF THE
CITY AND COUNTY OF SAN FRANCISCO, and
JOHN R. DANIELS, Justice of said Court, Appellants.

JUSTICES' COURTS—JUDGMENT BY DEFAULT—TIME OF ENTRY—CON-
STRUCTION OF CODE—MINISTERIAL DUTY—DIRECTORY PROVISIONS—
JURISDICTION.—Section 871 of the Code of Civil Procedure does not
direct a justice of the peace to enter a judgment by default within
any prescribed time. Section 911, subdivision 4, and section 912
of the same code, requiring the justice to enter on his docket "the
time when the parties or either of them appear, or their nonap-
pearance if default be made," and to make these entries "at the
time when they occur," merely provide for ministerial duties and
are directory. The failure to execute a ministerial duty in proper
time does not devest the court of jurisdiction.

ID.—LENGTH OF DELAY IN ENTERING JUDGMENT—JURISDICTION NOT EX-
CEEDED—FAILURE TO APPEAL—WRIT OF REVIEW.—The fact that
there was a delay of eight years in entering a judgment by default
in the justice's court after the return of the service of summons
upon the defendant does not show an excess of jurisdiction. A writ
of review does not lie to annul the judgment, where jurisdiction
was not exceeded in its entry, nor can the writ be granted where an
appeal may be taken, or where, by the neglect of the applicant in
failing to appeal, the right of appeal has been lost.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, annulling a judgment of
the justice's court of said city and county. John R. Dan-
iels, Justice of said court. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

A. P. Dessouslavy, for Appellants.

The statute as to entry of default and judgment by default in the justice's court is directory, and the delay of eight years in the entry of the judgment after service of summons and nonappearance was not in excess of jurisdiction. (Code Civ. Proc., secs. 871, 911, 912; *Heinlen* v. *Phillips*, 88 Cal. 557, 26 Pac. 366; *American Type Founders' Assn.* v. *Justice's Court*, 133 Cal. 319, 65 Pac. 742, 978; *McQuillan* v. *Donahue*, 49 Cal. 157; *Edwards* v. *Hellings*, 103 Cal. 204, 207, 37 Pac. 218; *Lynch* v. *Keely*, 41 Cal. 232; *Montgomery* v. *Superior Court*, 68 Cal. 407, 411, 9 Pac. 720; *Disque* v. *Herrington*, 139 Cal. 1, 72 Pac. 336; *Larue* v. *Gaskins*, 5 Cal. 507; *Waters* v. *Dumas*, 75 Cal. 563, 17 Pac. 685; *Thomasson* v. *Simmons*, 57 W. Va. 576, 50 S. E. 740; *Presley* v. *Dean*, 10 Idaho, 375, 79 Pac. 71; *Chamberlain* v. *Edmonds*, 18 App. Cas. 332, 344; *Tomlin* v. *Woods*, 125 Iowa, 367, 101 N. W. 135; *Southern Pacific Co.* v. *Russell*, 20 Or. 459, 20 Pac. 304; *Knapp* v. *King*, 6 Or. 246; *Wissman* v. *Meagher*, 115 Mo. App. 82, 91 S. W. 448; *Calvert* v. *Hendricks*, 155 Ind. 592, 58 N. E. 832; *Wheeler & Wilson Mfg. Co.* v. *Donohoe*, 49 Ark. 318, 5 S. W. 342; *Hasler* v. *Schopp*, 70 Mo. App. 469; *Martin* v. *Pifer*, 96 Ind. 245, 249; *Fish* v. *Emerson*, 44 N. Y. 376; *Hickey* v. *Hinsdale*, 8 Mich. 267, 77 Am. Dec. 450; *Saunders* v. *Tioga Mfg. Co.*, 27 Mich. 550.) *Certiorari* will not lie to annul a judgment from which an appeal may be taken, or after the time to appeal has elapsed. (*Southern Cal. Ry. Co.* v. *Superior Court*, 127 Cal. 417, 59 Pac. 789; *Weldon* v. *Superior Court*, 138 Cal. 427, 71 Pac. 502; *White* v. *Superior Court*, 110 Cal. 54, 42 Pac. 471; *Central Pac. Ry. Co.* v. *Placer County*, 43 Cal. 365; *Weill* v. *Light*, 98 Cal. 193, 32 Pac. 943; *McDonald* v. *Agnew*, 122 Cal. 448, 55 Pac. 125; *Tucker* v. *Justice's Court*, 120 Cal. 512, 52 Pac. 808; *McCue* v. *Superior Court*, 71 Cal. 545, 12 Pac. 615; *Stuttmeister* v. *Superior Court*, 71 Cal. 322, 12 Pac. 270; *Milliken* v. *Huber*, 21 Cal. 166; *Faut* v. *Mason*, 47 Cal. 7; *Reynolds* v. *Superior Court*, 64 Cal. 372, 28 Pac. 121; *Bennett* v. *Wallace*, 43 Cal. 25; *Valentine* v. *Superior Court*, 141 Cal. 615, 75 Pac. 336.) *Certiorari* will not lie where there is no appreciable injury or injustice to the applicant for the writ. (4 Ency. of Pl. & Pr. 34; 6 Cyc. 747; *Keys* v. *Marin County*, 42 Cal. 252; *Hagar* v. *Yolo County*, 47 Cal.

222; *Knapp* v. *Heller,* 32 Wis. 467; Spelling on Extraordinary Remedies, 2d ed., sec. 1897.)

H. V. Morehouse, and Knight & Heggerty, for Respondent.

The language of the statute is mandatory that the justices *must* enter nonappearance; if there is a default at the time of its occurrence (Code Civ. Proc., sec. 911), and if the defendant fails to appear, *then,* upon proof of the service of summons, the court *must* enter judgment. (Code Civ. Proc., sec. 871.) The judgment, if postponed, must relate back to the default, and be *nunc pro tunc,* if it could be rendered at all subsequently thereto; though where the plaintiff is guilty of laches, the court will leave him to his laches. (Black on Judgments, sec. 129.) If judgment by default had been entered at the time required by law, execution would be barred, and there would be no further remedy. (Code Civ. Proc., sec. 901; *Heinlen Co.* v. *Cadwell,* 3 Cal. App. 80.) The court had no jurisdiction to render a judgment after the lapse of the time at which execution could have been issued, but for the laches of the plaintiff. The jurisdiction of the justice's court is special and limited (Code Civ. Proc., sec. 925), and the court must act within and not without the statute, and nothing can be presumed in favor of its jurisdiction. (*Kane* v. *Desmond,* 63 Cal. 464; *Rowley* v. *Howard,* 23 Cal. 401; *Lour* v. *Alexander,* 15 Cal. 296; *Jolley* v. *Foltz,* 34 Cal. 321.) The laches was wholly that of the plaintiff in the action, and not of the defendant in failing to appeal from a judgment of which he had no knowledge, and on which there could be presumably no remedy in favor of the plaintiff. (*People* v. *Eldorado County,* 10 Cal. 19; *Funkenstein* v. *Elgutter,* 11 Cal. 328; *Rickey* v. *Superior Court,* 59 Cal. 661; *Myrick* v. *Superior Court,* 68 Cal. 98, 8 Pac. 648.) There never was a remedy by appeal. There was no question of fact upon which an appeal could be taken, and no question of law could be considered, as there could be no statement of the case, upon a judgment by default. (Code Civ. Proc., sec. 975.) The court, in view of the laches of the plaintiff in the action, exceeded its jurisdiction, after the lapse of eight years, when all right of further relief was barred, in rendering a judgment for plaintiff by default; and under the facts appearing in the record, the superior court properly annulled the judgment upon *certiorari.*

KERRIGAN, J.—This is an appeal by defendants in a *certiorari* proceeding, in which the trial court gave the respondent judgment, annulling a judgment in favor of the plaintiff in the justice's court in and for the city and county of San Francisco.

On December 2, 1896, Benjamin Lust commenced an action against C. P. Hall in the justice's court in the city and county of San Francisco to recover $253.75 for goods sold and delivered. Summons was issued on that date, and was served January 7, 1897. Summons was returned served January 28, 1897. Nothing further was done in the action until more than eight years after the return of summons, when, on May 19, 1905, judgment was entered in favor of the plaintiff and against the defendant for $253.75, interest and costs. No appeal was ever taken from this judgment. It is the contention of respondent that it was the duty of the justice, at the time of the return of the service of summons, January 28, 1897 (it disclosing that the time within which to appear and answer had expired), to note on the docket the nonappearance of the defendant, and to thereupon enter a judgment of default in favor of the plaintiff and against the defendant. That, if he did not do so then, he might do so later, but as of the date of the default. This contention rests upon sections 845, 871, 911, and 912, Code of Civil Procedure. Section 911, Code of Civil Procedure, requires "Every justice to keep a docket in which he must enter" (subd. 3) "the date of the summons and the time of its return"; (subd. 4) "The time when the parties or either of them appear, or their nonappearance, if default be made." Under section 912, Code of Civil Procedure, these entries "must be made at the time they occur." Under section 845, Code of Civil Procedure, defendant, having been served in the city and county of San Francisco, had five days thereafter within which to appear and answer. Section 871, Code of Civil Procedure, in part is as follows:

"If the defendant fail to appear, and to answer or demur within the time specified in the summons, then, upon proof of service of summons, the following proceedings must be had:

"1. If the action is based upon a contract, and is for the recovery of money, or damages only, the court must render judgment in favor of the plaintiff for the sum specified in the summons."

Section 871, Code of Civil Procedure, does not direct the justice to enter a judgment by default within any prescribed time. The entry of the nonappearance of the defendant, which sections 911 (subd. 4) and 912 exact, is a ministerial duty. It is made by the clerk of the justices' court in the city of San Francisco. (Code Civ. Proc., sec. 93.) The failure to execute a ministerial duty does not devest a court of jurisdiction. Provisions of the code much stronger and definite in terms than the sections cited have been repeatedly held directory. In the case of *Heinlen Co.* v. *Phillips*, 88 Cal. 557, [26 Pac. 366], a justice had made an order setting aside a judgment rendered by him after trial on the ground that it was void under section 892, Code of Civil Procedure, having been rendered six weeks after the case had been submitted. Section 892, Code of Civil Procedure, is as follows: "When the trial is by the court, a judgment must be rendered at the close of the trial." The court, at page 559 of 88 Cal. [page 367 of 26 Pac.], said: "It is to be observed that no penalty is prescribed or consequence attached to a violation of this section. And we think that if the legislature had intended that the delay of a day by the justice (for that would be a violation of the provision) should subject the parties to the expense of a retrial, it would have said so in express terms. A similar but much stronger provision was enacted in relation to the district courts, and it was held to be merely directory. (*McQuillan* v. *Donahue*, 49 Cal. 157.) It is true that the superior court is a court of general jurisdiction, while the justice's court is one of limited jurisdiction. But the decision did not proceed upon the power of the court, but upon the intention of the legislature."

That case was followed and approved in *American Typefounders' Co.* v. *Justice's Court of Sausalito Township*, 133 Cal. 319, [65 Pac. 742, 978].

In the case of *Edwards* v. *Hellings*, 103 Cal. 205, [37 Pac. 218], the default of the defendants was ordered by the superior court entered March 14, 1884, but judgment was not entered against him until January, 1892, nearly eight years later. In that case it is said, at page 207: "The provision [referring to Code Civ. Proc., sec. 585] that the clerk must enter the judgment 'immediately' after entering his default is merely directory. His failure to do so may render him liable to an action by the judgment creditor, but does not

render void the judgment subsequently entered upon such
default, nor can the defendant against whom the judgment
is entered invoke such failure for the purpose of annulling
a judgment to which he has no other defense. The statute
of limitations upon the judgment runs from the time of its
entry, and not from its rendition. (*Trenouth* v. *Farrington*,
54 Cal. 273. See, also, *Franklin* v. *Merida*, 50 Cal. 289.)
If the appellant had desired to set the statute of limitations
running he could himself have caused the judgment to be
entered at any time after its rendition.''

In the case of *Lynch* v. *Kelly*, 41 Cal. 232, it was held
that notwithstanding that section 594 of the Practice Act
provided that upon the receipt of any verdict the justice
should ''immediately render judgment accordingly,'' that
''the formal entry of the judgment'' was a mere *clerical*
duty imposed upon him by statute. That case was approved
in *Montgomery* v. *Superior Court*, 68 Cal. 407, [9 Pac. 720].
In this connection reference may be made to *Waters* v. *Dumas*,
75 Cal. 563, [17 Pac. 685], where section 664, Code of Civil
Procedure (providing that, after a trial by a jury, judg-
ment must be entered by the clerk within twenty-four hours
after the rendition of the verdict) is held to be directory;
and to *Rosenthal* v. *McMann*, 93 Cal. 505, [29 Pac. 121], in
which section 581, Code of Civil Procedure, subdivision 6
(providing that an action may be dismissed by the court
when, after verdict or final submission, the party entitled
to judgment neglects to demand and to have the same entered
for more than six months), is held not to be mandatory.
(See, also, *Disque* v. *Herrington*, 139 Cal. 1, [72 Pac. 336];
*Larue* v. *Gaskins*, 5 Cal. 507.)

''A writ of review may be granted . . . when an inferior
tribunal . . . exercising judicial functions has exceeded the
jurisdiction of such tribunal . . . and there is no appeal, nor
in the judgment of the court any plain, speedy and adequate
remedy.'' (Code Civ. Proc., sec. 1068.) Tested by this
section and the decisions in this state, the writ should not
have been granted. The justice's court acted within its jur-
isdiction, as has just been shown. Again from the judgment
in the justice's court defendant had an appeal, which he lost
through his own laches; and again, according to the petition
itself for the writ of *certiorari*, the defendant knew of the
rendition of the judgment against him within thirty days

thereafter, and therefore within time to have moved in the justice's court, under section 859, Code of Civil Procedure, as amended in 1905, to set aside the judgment if taken against him by his mistake, inadvertence, surprise or excusable neglect.

The justice's court having acted within its jurisdiction, *certiorari* will not lie.

In *Borchard* v. *Supervisors,* 144 Cal. 14, [77 Pac. 708], it is said: "It is too well settled to require the citation of authorities that the writ of review runs to inferior tribunals, boards, or officers exercising judicial functions solely to correct errors in excess of jurisdiction, or, in other words, to confine such tribunals and officers, exercising judicial functions, to their proper jurisdiction"; citing *Farmers' & Merchants' Bank* v. *Board of Equalization,* 97 Cal. 318, [32 Pac. 312]; *White* v. *Superior Court,* 110 Cal. 60, [42 Pac. 480]; *Quinchard* v. *Trustees of Alameda,* 113 Cal. 664, [45 Pac. 856].

An appeal might have been taken, and it is no excuse that defendant did not know of the rendering of the judgment in time to avail himself of that remedy. In the case of *Tucker* v. *Justice's Court,* 120 Cal. 512, [52 Pac. 808], the court said: "And it is well settled that when an appeal may be taken, resort cannot be had to a writ of review. The cases so holding are numerous, and need not be cited." (See, also, *Weldon* v. *Superior Court,* 138 Cal. 429, [71 Pac. 502].) It is also well settled that where the remedy by appeal has once existed, *certiorari* will not be granted, because the time for appeal has passed. (*McCue* v. *Superior Court,* 71 Cal. 545, [12 Pac. 615]; *Stuttmeister* v. *Superior Court,* 71 Cal. 322, [12 Pac. 270]; *Milliken* v. *Huber,* 21 Cal. 166; *Faut* v. *Mason,* 47 Cal. 7; *Reynolds* v. *Superior Court,* 64 Cal. 372, [28 Pac. 121].) And it is equally well settled that *certiorari* cannot be used as a substitute for an appeal after the opportunity to appeal has been lost by the neglect or laches of the applicant. In *Bennett* v. *Wallace,* 43 Cal. 25, it is said: "The statute was intended to supply a remedy where none existed in the first instance, and not to supplement one lost through the laches of the party himself." To the same point see, also, *Faut* v. *Mason,* 47 Cal. 7; *Valentine* v. *Police Court,* 141 Cal. 615, [75 Pac. 336].

The judgment is reversed, and the trial court directed to dismiss the petition.

Hall, J., and Cooper, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 29, 1907.