(June 17, 1910.)

## MARTIN NADEL, Respondent, v. NEIL CAMPBELL, Appellant.

### [110 Pac. 262.]

CERTIFICATION OF FOREIGN JUDGMENT—SUIT ON FOREIGN JUDGMENT—JUSTICE'S JURISDICTION—JURISDICTION TO GRANT CONTINUANCE.

(Syllabus by the court.)

1.  *Held*, under the facts of this case that a foreign judgment has been certified in substantial conformity with the requirements of secs. 5980 and 5981 of the Rev. Codes and sec. 905 of the Revised Statutes of the United States, and was entitled to be admitted in evidence.

2.  Where a summons was duly and regularly served on the defendant and June 12th was named therein as the return date and the defendant failed to appear on the date fixed in the summons for the trial, and his default was thereupon entered and no further action was taken in the case until December 14th following, upon which latter date evidence was introduced and judgment was rendered and entered against the defendant, *held*, that the error committed in continuing the case from June to December was not jurisdictional and did not oust the justice of jurisdiction to hear the proofs and render and enter judgment.

3.  Secs. 4701, 4702, 4703 and 4704 of the Rev. Codes of this state prescribe the duties of justices of the peace, and provide the practice to be pursued in the granting of continuances; and while it would be error to grant a continuance different from or in any other manner than provided by these provisions of the statute, such error must be corrected by appeal or direct attack upon the judgment, and is not jurisdictional, and does not divest the justice of jurisdiction to proceed further in the case.

APPEAL from the District Court of the Fourth Judicial District, for the County of Blaine. Hon. Edward A. Walters, Judge.

Action by plaintiff to recover a judgment on a foreign judgment. Judgment for plaintiff and defendant appealed. *Affirmed.*

R. F. Buller, for Appellant.

In a suit on a judgment rendered in the courts of another state, the judgment sued on may be attacked collaterally for want of jurisdiction. In such suit all jurisdictional questions are open to inquiry. (*Raymond v. Raymond,* 1 Ind. Ter. 334, 37 S. W. 202; *Pond v. Simons,* 17 Ind. App. 84, 45 N. E. 48.)

The statute of Utah provides that the justice may postpone a case on his own motion for not exceeding three days, and that his docket must show every adjournment, stating upon whose application and to what time. Any substantial departure from such statutory provisions and restrictions renders the judgment a nullity. (Abbott's Trial Brief, Civil, 2d ed., sec. 39, and cases cited; *Waldron v. Palmer,* 104 Mich. 556, 62 N. W. 731; *Tomlinson v. Litze,* 82 Iowa, 32, 31 Am. St. 458, 47 N. W. 1015; Guthrie v. Humphrey, 7 Iowa, 23; Harrison v. Sager, 27 Mich. 476.)

Unauthorized adjournments deprive the justice of jurisdiction. (*Burbanks Hardware Co. v. Henkel,* 76 App. Div. 183, 78 N. Y. Supp. 365; *Dickinson v. Hoffman,* 90 Ill. App. 83.)

A justice's court being one of subordinate and limited jurisdiction created by statute, nothing can be presumed in favor of its jurisdiction, and such jurisdiction must appear affirmatively on the face of the proceedings. (*Garrett v. Murphy,* 102 Ill. App. 65; *Phelps v. McCollam,* 10 N. D. 536, 88 N. W. 292; *May* v. *Grawert,* 86 Minn. 210, 90 N. W. 383.)

Where a justice continues a cause indefinitely, he loses jurisdiction, and any judgment subsequently rendered by him in such case is void. (*Murray v. Churchill,* 86 Ill. App. 480; *Heinlen v. Phillips,* 88 Cal. 557, 26 Pac. 366; *Cohen v. Weill,* 32 Misc. Rep. 198, 65 N. Y. Supp. 695.)

If a case is suffered to lie over without any regular adjournment, to be called up at some future and uncertain time, it would be discontinued thereby. (*New Haven v. Rogers,* 32 Conn. 221; *Peck v. Andrews,* 32 Barb. 445; *Miller v. Larmon,* 38 How. Pr. 417; *Liniger v. Glenn,* 33 Neb. 187,

49 N. W. 1128; *Woodworth v. Wolverton*, 24 N. J. L. 419; *Nelson v. Campbell*, 1 Wash. 261, 24 Pac. 539; *Kayson v. Steele*, 13 Utah, 260, 44 Pac. 1042; *State ex rel. Collier v. Houston*, 36 Mont. 178, 12 Ann. Cas. 1027, 92 Pac. 476; *Martin v. Fales*, 18 Me. 23, 36 Am. Dec. 693.)

A construction which treats positive language as merely directory is not to be lightly adopted, and never when it would really make a new law instead of that made by the legislature. (*Hoyt v. East Saginaw*, 19 Mich. 39, 2 Am. Rep. 76; *Webber v. St. Paul City R. Co.*, 97 Fed. 140, 38 C. C. A. 79.)

Sullivan & Sullivan, and T. Bailey Lee, for Respondent.

The California and Idaho statutes, especially in the use of "must," with regard to trials before justices of the peace, have been held by the courts of those states to be directory merely. (*Heinlin v. Phillips*, 88 Cal. 557, 26 Pac. 366; *American T. F. Co. v. Justice Court*, 133 Cal. 319, 65 Pac. 742, 978.)

Sec. 632, C. C. P. Cal., as to district courts, is much stronger, but it has been held to be directory only. (*McQuillan v. Donahue*, 49 Cal. 157; *Zimmerman v. Bradford-Kennedy Co.*, 14 Ida. 686, 95 Pac. 825.)

If the trial was not held as provided by statute, it would not render the judgment void, but would be an irregularity, and the judgment would be voidable only upon appeal or review. (*Dunstan v. Higgins*, 138 N. Y. 70, 34 Am. St. 431, 33 N. E. 729, 20 L. R. A. 668.) While there is no presumption of jurisdiction of inferior courts, where jurisdiction has been obtained the same presumption of regularity of procedure arises as in courts of record. (12 Ency. of Pl. & Pr. 673, 729; *Green v. Tower*, 49 Kan. 302, 30 Pac. 468; *Miller v. Zeigler*, 3 Utah, 17, 5 Pac. 520.)

If the judgment was irregular or erroneous, it is not subject to collateral attack. (5 Am. & Eng. Ann. Cases, 464.)

Defendant's remedy was a motion to set aside the judgment or appeal. (Black on Judgments, sec. 170; II Digest,

Am. St. 2352, and cases given; 4 Digest, U. S. Sup. Ct. 3654, and cases given; 8 Am. & Eng. Ann. Cases, 1138; *Maloney v. Dewey,* 127 Ill. 395, 11 Am. St. 131, 19 N. E. 848; *Struble v. Malone,* 3 Iowa, 586; *Conway v. Elison,* 14 Ark. 360; *Kinnier v. Kinnier,* 45 N. Y. 535, 6 Am. Rep. 132.)

Where a justice of the peace has jurisdiction of the subject matter and the parties, a judgment rendered by him after the expiration of the time fixed by statute, if erroneous, must be corrected by a direct proceeding for that purpose. (*Gould v. Loughran,* 19 Neb. 392, 27 N. W. 397; *Liniger v. Glenn,* 33 Neb. 191, 49 N. W. 1128; *Talbot v. Kuhn,* 89 Mich. 30, 28 Am. St. 273, 50 N. W. 791.)

California has a section similar to that of Utah, affecting postponements. "A justice's court does not divest itself of jurisdiction to proceed further in the action because, of its own motion, it continues a case until some future time. Such rulings are at most only error, reviewable only by appeal to the superior court." (*Disque v. Herrington,* 139 Cal. 1, 72 Pac. 336.)

"A court of equity will not relieve a party where he has had a plain, speedy and adequate remedy at law, which, by his own negligence, he has not availed himself of. The justice's court obtained jurisdiction of the person of the appellant by service of summons, and having once obtained jurisdiction, his jurisdiction continues until the action is legally disposed of." (*Pressley v. Dean,* 10 Ida. 377, 79 Pac. 71.)

AILSHIE, J.—This action was instituted in Blaine county to recover a judgment on a judgment that had been rendered on the 14th day of December, 1901, in the justice's court of Salt Lake county, Utah, for the sum of $226.80 and costs. Judgment was entered for the plaintiff and the defendant has appealed. Two questions have been presented by this appeal; first, the sufficiency of the certification of the original judgment entered in Utah, and, second, the jurisdiction of the justice to enter the Utah judgment.

As to the first question the record shows that the transcript of the judgment was certified by J. B. Moreton, as

clerk of the city court of Salt Lake City. This in turn is certified by J. J. Whitaker, as presiding judge of the city court of Salt Lake City, to the effect that the city court is a court of record and that Moreton is the qualified and acting clerk of the city court, and that his signature to the transcript is genuine and that his certificate is in due form. The certificate by the judge is in turn certified by the clerk to the effect that Whitaker is the judge of the city court, and that his signature to the certificate is genuine and his true signature. Then follows a certificate from Margaret Zane Witcher, county clerk of Salt Lake county and ex-officio clerk of the district court in and for Salt Lake county, who certifies that Gustave Kroeger, before whom the judgment was rendered, was at the time duly qualified and acting justice of the peace in and for Salt Lake county, state of Utah, and that the city court of Salt Lake City is the legal successor of said justice's court, and that the seal of the city court appearing on the certificate and the transcript is the true and genuine seal of the city court, and that J. B. Moreton is the clerk of such court and J. J. Whitaker the judge of such court. This in turn is followed by a certificate from Charles S. Tingey, secretary of state of the state of Utah; in which he certifies that Margaret Zane Witcher was at the time of making this certificate the duly elected, qualified and acting clerk of Salt Lake county, Utah. In connection with this transcript and the several certificates; the plaintiff also introduced chapter 109 of the Utah Session Laws of 1901, creating the city court of Salt Lake City and abolishing the local justice's courts, and declaring the city court the lawful successor of the justice's court.

Without a review of the authorities, we are satisfied to hold that this judgment was duly and regularly certified in conformity with the requirements of secs. 5980 and 5981 of the Rev. Codes of this state and sec. 905 of the Revised Statutes of the United States. It must be remembered that in this case the justice's court in which the judgment sued upon had been rendered had been abolished prior to the commencement of this action. It was, therefore, impossible to

secure a certification of the judgment by the justice of the peace. It was proper, therefore, to have the certification come from the custodian of the docket and records of the justice's court which rendered and entered the judgment. The certification in this case was a substantial compliance with the requirements of the statute.

The next question is attended with more difficulty. It is insisted by appellant that the justice of the peace lost jurisdiction to render and enter a judgment and that the judgment is upon its face void. This contention grows out of the following state of facts: The complaint was filed before the justice of the peace, Gustave Kroeger, on the 31st day of May, 1901, and summons issued on the same day. On June 3d summons was returned duly served. On June 12th, the date named in the summons as the day for trial, the following docket entry was made: "Defendant having been duly served with summons and having failed to appear and answer and the time to answer having expired, upon motion of plaintiff the default of defendant is hereby duly entered by the court." No further entry appears until December 14, 1901, upon which date the following entry appears to have been made: "F. G. Luke was sworn and testified on part of the plaintiff. From the evidence I find that the defendant is indebted to the plaintiff in the sum of $226.80. It is therefore ordered and adjudged that plaintiff have and recover from defendant the sum of two hundred and twenty-six and 80/100 dollars, and costs taxed at $3.40."

While the docket does not affirmatively show that a request was made for a continuance or that a continuance was granted by the justice, still it does show that no action was taken after the default was entered on June 12th until proofs were made and judgment entered on December 14th. The presumption would arise, however, from this record that a continuance was granted.

The statutes of Utah governing justice's practice in that state have been introduced and correspond with the statutes of this state as follows: Secs. 3709, 3710, 3711 and 3712 of the Comp. Laws of Utah correspond identically with secs.

4701, 4702, 4703 and 4704 of the Rev. Codes of this state. We shall, therefore, make our further reference to the sections of the Revised Codes of Idaho rather than refer to the corresponding sections of the Utah statute under which this judgment was entered. It may also be observed in this connection that sec. 3726 of the Comp. Laws of Utah is the same as sec. 4728 of our Code, which in turn is identically the same as sec. 892 of the Code of Civil Procedure of California.

Sec. 4701 of our Rev. Codes provides that the trial in the justice court must commence at the expiration of one hour from the time specified in the summons for the appearance of defendant, unless the case be postponed as provided by statute. In this case it is established by the record that the defendant did not appear at the time designated in the summons for his appearance and thereupon his default was entered by the justice. Sec. 4702 of our Rev. Codes provides that the court may of its own motion postpone the trial of a case, "For not exceeding one day, if, at the time fixed by law or by an order of the court for the trial, the court is engaged in the trial of another action; or, for not exceeding two days, if, by an amendment of the pleadings, or the allowance of time to make such amendment or to plead, a postponement is rendered necessary; or, for not exceeding three days, if the trial is upon issues of fact, and a jury has been demanded." Sec. 4703 of our Rev. Codes is as follows: "The court may, by consent of the parties, given in writing or in open court, postpone the trial to a time agreed upon by the parties." Sec. 4704 authorizes a justice upon application and proper showing by either party to continue the trial of a case "not exceeding four months." Appellant contends that these provisions of the statute are mandatory, and that a continuance beyond the time specified ousts the justice of jurisdiction to take any further action in the case.

The question then presented to us is one of jurisdiction rather than one of error. It may, and indeed must, be conceded that it is error for a justice of the peace to continue the trial of a case for a period exceeding that prescribed by the statute. But the question recurs: Is the commission of

such an error one that goes to the jurisdiction of the court, or is it one that the court has jurisdiction to commit?

In California, the supreme court of that state has had occasion to construe the provisions of sec. 892 of the Code of Civil Procedure, which is the same as our sec. 4728, which reads: "When the trial is by the court, judgment must be entered at the close of the trial," and has held that this statute is directory and not mandatory. (*American T. F. Co. v. Justice Court,* 133 Cal. 319, 65 Pac. 742, 978; *Heinlen v. Phillips,* 88 Cal. 557, 26 Pac. 366.) In the American Type Founders case, *supra,* the supreme court of California held that sec. 892 of the Code of Civil Procedure does not prohibit a justice of the peace taking the case under advisement after the close of a trial and afterward rendering his judgment.

In *Disque v. Herrington,* 139 Cal. 1, 72 Pac. 336, the California court held that errors committed by a justice of the peace in granting or refusing continuances are only errors reviewable on appeal, and do not divest the court of jurisdiction.

In *Zimmerman v. Bradford-Kennedy Co.,* 14 Ida. 686, 95 Pac. 825, a complaint was filed before a justice of the peace. It appeared that a summons was made returnable on the 12th day of June but that the defendant failed to appear. No action whatever was taken until the 15th of June, when proofs were submitted and the judgment was entered. In passing upon that question, this court said: "The objection that is made here is that the case was not postponed from the 12th to the 15th, and that the court therefore lost jurisdiction. This was at most an irregularity which did not go to the jurisdiction of the court. In other words, the fact that proofs are not made or judgment entered on the return day named in the summons does not *ipso facto* oust the court of jurisdiction. By that act alone the court does not lose jurisdiction of the action."

When a defendant fails to appear either at the time fixed in the summons as the hour for the trial or at any time thereafter prior to the submission of proofs and entry of judgment, he places himself in the legal attitude and *status*

of one who admits the facts charged against him, and consents
to the plaintiff having the relief sought against him. If
errors of law are committed in the manner of securing and
entering the judgment against him for that relief, he has an
adequate remedy by direct attack upon the judgment; but he
should not, on the other hand, be allowed to lapse into silence
for an indefinite period of time and until the plaintiff seeks
to renew the judgment or collect the same, and then in a
collateral way attack the jurisdiction of the court because
of some error at law committed in the rendition of the original
judgment. We think the error is not jurisdictional, and
therefore would not oust the justice of his jurisdiction to
enter the judgment sued upon. It is conceded that the justice
originally had jurisdiction of the subject matter, namely, of
a debt of the kind and amounting to the sum that was sued
upon in this case. The continuance of the case did not in
any way change the subject matter. The court, on the other
hand, had acquired jurisdiction of the person of the defendant
by legal service of process. The defendant defaulted, thereby
admitting the charge made against him. The postponement
of the case until a future date did not divest the justice of
the jurisdiction of the person of the defendant who had
already been served.

We are not unmindful of the cases that have been cited by
appellant to the contrary. Indeed, many courts have held
that an error of this kind committed by a justice of the peace
is jurisdictional and divests the justice of the jurisdiction
to proceed further or enter a judgment. Prominent among
these cases is that of *State ex rel. Collier v. Houston*, 36 Mont.
178, 92 Pac. 476, 12 Ann. Cas. 1027, in which the supreme
court of Montana held that the provisions of sec. 1623 of
the Code of Civil Procedure of that state, which is identical
with sec. 4728 of our Rev. Codes, to which reference has just
been made, are mandatory, and that a justice of the peace
who took a case under advisement after the proofs were sub-
mitted and without the consent of both the parties to the
action thereby lost jurisdiction to render a judgment in the
case. A large number of cases are cited in the opinion of
the court in that case supporting the conclusion reached by

that court. Notwithstanding the high standing of that court for legal ability and learning, we think the logic of the opinion is faulty, and we cannot give our assent to the conclusion there reached. For instance, it is there said that "the losing party may desire to pay the judgment and thus prevent accruing costs, or he may wish to appeal and be able at the time to perfect it, whereas if the decision is delayed he may be put to further trouble and expense." Now, it occurs to us that a defendant can as readily pay the debt before the rendition and entry of judgment as he can afterward. He can either pay it to the creditor or the justice. He can readily ascertain whether judgment has been entered against him, and if the court has committed an error he has a speedy and adequate remedy. If the court has failed to render his judgment, he likewise has an adequate remedy to compel the justice to act. It is impossible, by any rule of law as to jurisdiction or its exercise, to prevent a justice of the peace from sometimes committing error and this is true of higher courts. The law, however, provides a method for review and correction of errors. The rights of the plaintiff, on the other hand, should not be overlooked. He is the creditor. He is seeking to collect that which he claims is due him. The fact that the justice of the peace before whom he is proceeding commits an error to which attention is not called on account of the absence of the defendant should not defeat the plaintiff's rights of recovery and put him to the trouble and expense of prosecuting a new action and incurring the risk of being unable to secure another service of process.

Other authorities holding to the same effect as the Montana decision have been cited by appellant as follows: Abbott's Trial Brief, Civil, 2d ed., sec. 39; *Waldron v. Palmer*, 104 Mich. 556, 62 N. W. 731; *Tomlinson v. Litze*, 82 Iowa, 32, 31 Am. St. 458, 47 N. W. 1015; *McKenna v. Murphy*, 53 Am. St. 695; *Nelson v. Campbell*, 1 Wash. 261, 24 Pac. 539; *May v. Grawert*, 86 Minn. 210, 90 N. W. 383.

The judgment should be *affirmed,* and it is so ordered. Costs awarded in favor of respondent.

Sullivan, C. J., concurs.