## No. 10,612.

GENERAL ACCIDENT, FIRE & LIFE ASSURANCE CORPORATION
*v.* COHEN, ET AL.

Decided June 4, 1923.

Action on a burglary insurance policy.   Judgment for plaintiffs.

## *Affirmed.*

### *On Application for Supersedeas.*

1. APPEAL AND ERROR—*Conflicting Evidence.*   The evidence being conflicting, if there is sufficient to support the verdict, it will not be disturbed on review.

2. INSURANCE—*Burglary.*   A burglary insurance policy covering goods in the second story of a building at a street address, held to cover goods in the second stories of two buildings connected by a bridge, at that address.

3. CONTRACTS—*Construction—Evidence.*   Evidence of the facts and circumstances surrounding the execution of a contract is competent to show what the parties intended by the words employed.

4. INSURANCE—*Evidence—Interrogation of Witness by Court.*   Admission of evidence of inspection of the insured premises by an agent of the insurer, elicited by interrogation of a witness by the court, held not to be error.

5. *Burglary—Evidence.*   In an action on a burglary insurance policy, it is the province of the jury to determine whether a burglary was committed, and while the premises were not open for business.

6. EVIDENCE—*Conclusions.*   Evidence which is a mere conclusion of the witness is properly stricken on motion.

7. JUDGMENTS—*Time of Entry.*   The fact that a judgment is not entered by the clerk within 24 hours after the rendition of the verdict in accordance with § 244 civil code, 1921, will not avoid the judgment.

8.    *Clerical Error.*  A clerical error in computing the amount of a judgment is no ground for reversal.

*Error to the District Court of the City and County of Denver, Hon. Gilbert A. Walker, Judge.*

Mr. Frank L. Grant, for plaintiff in error.

Mr. Ira C. Rothgerber, Mr. Walter M. Appel, for defendants in error.

*Department Three.*

Mr. Justice Sheafor delivered the opinion of the court.

The defendants in error, William B. Cohen, Charles J. Cohen and M. H. Eber copartners under the firm name of The Polly Garment Company, recovered a judgment in the district court against the plaintiff in error upon a burglary policy of insurance for the sum of $4440.88.  The verdict of the jury was returned April 19, 1922, for $3998.44; motion for new trial overruled December 4, 1922; judgment rendered on the verdict January 22, 1923.

Plaintiff in error brings the case here for review and applies for a supersedeas.  The parties are designated in this opinion as in the court below.

The policy was issued May 12, 1920, for one year, was not a blanket, but a qualified and conditional one, and provided among other things, that the company—

"Does hereby agree to indemnify the assured hereinafter described, within the amounts and the period expressed in the schedule herein:  (1)  For all loss by burglary of merchandise described in the schedule hereof, and furniture or fixtures from within the premises as hereinafter defined, occasioned by any person or persons who shall have made felonious entry into the premises by actual force and violence when such premises are not open for business, of which force and violence there shall be visible marks made upon the premises at the place of such entry, by tools, explosives, electricity or chemicals; * * *

"(A)  Premises, as used in this policy, shall mean the

entire building, if wholly occupied by the assured, or that portion of the building designated in the schedule and actually occupied by the assured for the purpose hereinafter set forth, but shall in no event include public entrances, halls and stairways."

The schedule referred to contains, among other provisions, the following:

"1.   Name of assured Polly Garment Company.   Occupation is manufacturers of cotton garments.

2.   Location of building 1418 Larimer Street, Denver, Colorado, Denver county.

3.   The premises occupied solely by the assured are entire second floor.   *   *   *

10.   Description of stock to be insured, including furniture and fixtures, is cotton piece goods and cotton goods (manufactured articles).

11.   The insurance under this policy shall attach to and apply specifically as follows:   $10000.00 on general stock described under section 10 above   *   *   *   Premium $74.50."

It appears from the evidence that plaintiffs were manufacturers of women's dresses, aprons and cotton goods; that they were occupying the second floor of two buildings, one in the front and one in the rear at No. 1418 Larimer street, the two buildings being connected by a wooden bridge, with iron railings, the rear building being on the alley; the front part of the building, or the front building, was occupied as an office and sewing room.   In the rear building were two rooms, the smaller one used for storage, where plaintiffs' goods were kept, and the larger for a cutting room, with tables running entirely across the room. This room contained windows facing the alley and also windows facing the court side of the building.

The plaintiffs claim that about November 26, 1920, the premises described in the policy were burglarized, and certain of their goods covered by the policy of the value of $6536.69 were stolen and carried away, and for the recovery of the loss so sustained, this suit was instituted.

The defendant assigns numerous errors, but those most strongly urged in the brief are: 1. The verdict is against the weight of the evidence; 2. The policy covered goods at 1418 Larimer street, second floor, while the evidence showed that the goods alleged to have been stolen were in a separate building in the rear of the building known as 1418 Larimer street, and hence could not be covered by the policy sued upon; 3. That plaintiffs failed to prove that the alleged loss occurred while their place of business was not open for business as required by the terms of the policy; 4. That the trial court erred in interrogating the witness William B. Cohen in the presence and hearing of the jury; 5. The court erred in striking from the deposition of Frank J. Oppenheimer that part of his answer which stated, "There were no marks or anything to indicate that there had been any jimmies or tools used to pry open the window;" 13. The court erred in entering judgment at the time it did, to-wit: January 22, 1923, because the judgment should have been entered at the time the jury rendered its verdict April 19, 1922, or within 24 hours thereafter.

Of these in their order:

While the evidence was conflicting there was sufficient to support the verdict and we cannot disturb it.

Assignments 2 and 4 may be considered together. The question here is, was the property alleged to be stolen covered by the policy? This question cannot be determined from the policy alone. The location of the building, or buildings, as described in the policy, was 1418 Larimer street, and the policy covered the merchandise described in the schedule, cotton piece goods and cotton goods, furniture and fixtures, and described the premises occupied solely by the assured, as the entire second floor, the amount of insurance being $10,000 on the general stock. The evidence shows that plaintiffs kept their goods in the smaller room in the rear building. For what did they pay the premium of $74.50 if their furniture and fixtures, and their goods kept in the rear building for the

manufacture of garments, were not covered by the policy and not intended to be insured? It is inconceivable that the policy could only have been intended to indemnify plaintiffs for loss sustained by burglary from the front building only. The plaintiffs must surely have desired and intended to have the policy cover all the property which they had and kept on the second floor of the two buildings. The defendant says there is nothing in the policy to indicate that the goods were stored in two separate and distinct buildings, but were they? The two buildings were connected by a wooden bridge and there were no means of access to the rear buildings except by crossing on the bridge from the front to the rear. The defendant says that the policy contemplates insurance of goods in the front building only, and that to cover the goods in the rear building the policy should have stated that it also covered the goods in the building in the rear of 1418 Larimer street had that been the intention at the time it was written. The courts have quite uniformly held that evidence of the facts and circumstances, surrounding the parties at the time of the execution of the contract, is competent, and should be received, to show what the parties meant, understood and intended from the words employed. *Messinger v. German American Ins. Co.*, 47 Colo. 448, 107 Pac. 643.

It was proper and desirable that the trial court should be advised as to what transpired at the time of, and immediately before, the writing of the policy, to determine the true meaning and intent of the parties at the time and as to what property it was intended the policy should cover; consequently the court committed no error in eliciting the information which it did from the witness Cohen, to the effect that before the policy was written the agent who wrote it went to the premises and told plaintiffs what to do in order to get the policy and that the agent examined both rooms and the stock, or goods, in both rooms and in the rear building as well as in the front.

The defendant also insists that the plaintiffs failed to

prove that the loss occurred while their place of business was not open for business as required by the policy.

It was the province of the jury to determine whether a burglary had been committed and whether from all the evidence, facts and circumstances shown on the trial, it was committed while the place of business was not open for business, and there was sufficient evidence to support the verdict. The answer of the witness Oppenheimer, stricken out of his deposition was a mere conclusion and the court did not err in its ruling in that regard.

The defendant contends that the judgment should have been entered on the verdict within 24 hours after the rendition thereof, in accordance with Civil Code of Proc. 1921, § 244. No penalty is prescribed, nor consequence attached, for the clerk's failure to comply with that section. The provision is directory merely, not mandatory, and a failure to comply therewith does not avoid the judgment. 23 Cyc. 783; *Sieber v. Frink,* 7 Colo. 148, 151, 2 Pac. 901; *First Natl. Bk. v. Wolff,* 79 Cal. 69, 21 Pac. 551; *Edwards v. Hellings,* 103 Cal. 204, 37 Pac. 218; *Waters v. Dumas,* 75 Cal. 563, 17 Pac. 685.

In *Jerrett v. Mahan,* 20 Nev. 89, 17 Pac. 12, the verdict was rendered, and certain findings of the court made and filed on July 26, 1881. Judgment was not rendered on the verdict and findings until in March, 1887, more than 5 years after the rendition of the verdict, yet the judgment was upheld.

The only other error assigned which we think merits consideration is the one relating to the amount of the judgment. It appears that in the computation of interest a mistake was made and judgment rendered for $95.90 in excess of the correct amount, but this is no cause for reversal.

Finding no reversible error in the record the application for supersedeas is denied, the amount of the judgment reduced to $4344.98, and as thus modified the judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE CAMPBELL concur.