No. 18,411.

HAZEL I. KEMPER *v*. ARTHUR J. KEMPER.
(344 P. [2d] 449)

Decided September 28, 1959.

Mr. MILTON C. GARWOOD, Messrs. GALLIGAN & FOLEY, for plaintiff in error.

Mr. ANTHONY J. PASQUALE, Mr. DONAL W. MARSHALL, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE KNAUSS delivered the opinion of the Court.

THE parties to this writ of error appear here in inverse order of their appearance in the trial court. We shall refer to them as plaintiff and defendant, or as husband and wife.

Plaintiff (husband) instituted this action for divorce. Issue was joined and trial was to the court. The evidence was concluded on June 7, 1957, at which time the judge took the case under advisement. On June 17, 1957, the court by written order resolved the issues in favor of plaintiff and ordered that an interlocutory decree in divorce be entered. Counsel were directed to prepare a decree within forty-eight hours from June 17, 1957. This written order was filed in the trial court on June 17, 1957. The interlocutory decree was submitted on June 19, 1957, and was by Judge William A. Black, acting for the trial judge, signed nunc pro tunc as of June 14, 1957.

Defendant (wife) seeks reversal of the judgment entered on two grounds: (1) That C.R.S. '53, 46-1-9, requires that the court enter a decree of interlocutory divorce within forty-eight hours after the close of the trial, hence it is argued the trial and decree were a nullity; (2) That the trial court erred in entering the inter-

locutory decree effective nunc pro tunc as of an earlier date.

C.R.S. '53, 46-1-9, reads as follows:

"Within forty-eight hours after return of a verdict by a jury, if the case has been tried to a jury, or within forty-eight hours after the close of the trial of a case, if tried to a court, or within forty-eight hours after the denial of a motion for a new trial, if a motion for a new trial has been filed, the court shall enter, if no divorce is to be granted, a judgment or decree dismissing the action. If, however, a divorce ought to be granted, the court shall enter an interlocutory decree, providing that the parties to such action shall be divorced six months after the date of such interlocutory decree. * * * Such interlocutory decree shall be a final order as of the date 'of its entry."

It is contended by counsel for defendant that, "It is mandatory for the court to enter a decree 'within *48 hours after the close of the trial of a case * * ** providing that the parties to such action shall be divorced six months after the date of such interlocutory decree.' "

It is obvious that in the instant case the trial was not concluded until the court, having taken the matter under advisement, resolved the issues submitted on June 17, 1957. The trial court's findings and judgment filed on that date was specific in its provision that a decree be submitted within forty-eight hours after June 17, 1957.

Even if we were to accept defendant's contention that the interlocutory decree was required to be entered within forty-eight hours after June 7, 1957, which we do not, there was no error because the provision is merely directory and not mandatory or jurisdictional. In *General Accident, Fire & Life Assurance Cor. v. Cohen, et al.,* 73 Colo. 459, 216 Pac. 522, this court has held similar time limitations to be merely directory:

"The defendant contends that the judgment should have been entered on the verdict within 24 hours after the rendition thereof, in accordance with Civil Code of

Proc. 1921 §244. No penalty is prescribed, nor consequence attached, for the clerk's failure to comply with that section. The provision is directory merely, not mandatory, and a failure to comply therewith does not avoid the judgment."

No error was committed by the trial court in entering the interlocutory decree on June 19, 1957.

Turning to the second contention of defendant's counsel, a careful study of the record discloses that the insertion of the date June 14, 1957, was a clerical mistake, which arose under the following circumstances:

The trial judge was John E. Fitzpatrick of Arapahoe County, sitting as a District Judge in Denver. He entered the judgment of the trial court on June 17, 1957. His written order was filed on that date and in the typewritten portion thereof he specified that the decree be submitted within forty-eight hours after June 17th. The concluding sentence of this order containing the date was apparently originally typed to read June 14th and written in ink over the figure 4 in 14 is the figure 7 written in ink. It thus appears that the typist's error was corrected by hand. Thereafter, and on June 19, Judge William A. Black of the Denver District Court, sitting for Judge Fitzpatrick, in looking at the latter's order apparently thought it read June 14th and signed the interlocutory decree by adding in ink "nunc pro tunc" and dated the decree June 14, 1957. This was clearly a clerical error and the proper date of the decree should be June 19, 1957. This error did not in any way prejudice the rights of the defendant.

The judgment is affirmed and the cause remanded to the trial court for correction of the clerical mistake in conformity with this opinion.

MR. JUSTICE FRANTZ not participating.