1
 2025 CO 26 Zachary Eugene Babcock, Petitioner v. The People of the State of Colorado, Respondent No. 23SC583
Supreme Court of Colorado, En Banc
May 27, 2025
 
          
 Certiorari to the Colorado Court of Appeals Court of Appeals
 Case No. 20CA1678
 
 
          
 Attorneys for Petitioner: Megan A. Ring, Public Defender
 Jessica A. Pitts, Deputy Public Defender Denver, Colorado
 
 
          
 Attorneys for Respondent: Philip J. Weiser, Attorney General
 Marixa Frias, Assistant Attorney General Denver, Colorado
 
 
          
 JUSTICE HOOD delivered the Opinion of the Court, in which
 JUSTICE BOATRIGHT, JUSTICE HART, JUSTICE SAMOUR, and JUSTICE
 BERKENKOTTER joined JUSTICE GABRIEL, joined by CHIEF JUSTICE
 MÁRQUEZ, concurred in the judgment.
 
 2
 
          
 OPINION
 
 
           HOOD,
 JUSTICE.
 
 
          ¶1
 In almost every criminal case, the court must consider
 restitution and enter one of four restitution-related orders
 upon conviction. Zachary Eugene Babcock's judgment of
 conviction included one such order: The trial court found
 that he was liable for restitution at sentencing but reserved
 determining the amount for ninety-one days. However, because
 Babcock's counsel requested that the trial court hold a
 restitution hearing and proposed a date that was nearly six
 months after sentencing, the court didn't order the
 amount of restitution until after the ninety-one-day
 deadline. Babcock argues that our decision in People v.
 Weeks, 2021 CO 75, 498 P.3d 142, or alternatively, the
 jurisdictional nature of the trial court's deadline,
 precludes this untimely restitution order.
 
 
          ¶2
 We disagree. We hold that Weeks is distinguishable
 and therefore doesn't nullify the restitution order in
 this case. We also hold that the trial court's deadline
 in section 18-1.3-603(1)(b), C.R.S. (2024), isn't
 jurisdictional. Finally, we conclude that Babcock's
 counsel's request to set the restitution hearing outside
 the ninety-one-day deadline constitutes an implied waiver of
 Babcock's right to have the trial court determine the
 amount of restitution within ninety-one days of conviction.
 
 
          I.
 Facts and Procedural History
 
 
          ¶3
 On December 19, 2019, Babcock pleaded guilty to child abuse
 resulting in serious bodily injury as part of a deferred
 judgment and sentence agreement. The
 
 3
 
 trial court accepted the plea on the same day and
 "reserve[d] restitution [for] ninety-one
 days."[1] Eighty-two days later, the prosecution
 moved for $12,258.83 in restitution. On March 18, 2020,
 ninety days after the court entered the judgment of
 conviction, Babcock's counsel objected to the amount
 sought. He asked for a June hearing on restitution due to
 "the current pandemic the world is facing." When
 the hearing was ultimately held on August 14, the trial court
 imposed the prosecution's requested amount of
 restitution.
 
 
          ¶4
 Babcock appealed. He argued that the trial court "lacked
 authority" to enter the restitution order because it did
 so more than ninety-one days after sentencing
 
 4
 
 without an express good-cause finding before the deadline
 expired. See Weeks, ¶ 45, 498 P.3d at 157.
 
 
          ¶5
 A unanimous division of the court of appeals disagreed. It
 held that because neither Weeks nor the statute uses
 the word "jurisdiction" as to the deadline in
 section 18-1.3-603(1)(b), the provision isn't
 jurisdictional and can therefore be waived. People v.
 Babcock, 2023 COA 49, ¶¶ 9, 11, 535 P.3d 981,
 985. The division also concluded that by requesting that the
 trial court hold a restitution hearing on a date that was
 more than ninety-one days after entry of the judgment of
 conviction, Babcock waived his right to have restitution
 determined within the statutory period. Id. at
 ¶ 13, 535 P.3d at 986.
 
 
          ¶6
 We granted Babcock's petition for certiorari
 review.[2]
 
 5
 
          II.
 Analysis
 
 
          ¶7
 We begin by summarizing our holding in Weeks. We
 then identify the relevant standard of review and principles
 of statutory interpretation before evaluating whether the
 deadline in section 18-1.3-603(1)(b) is jurisdictional.
 Finally, we assess whether Babcock waived his right to have
 the trial court determine the amount of restitution within
 ninety-one days of his conviction.
 
 
          A.
 Weeks
 
 
          ¶8
 Section 18-1.3-603(1) provides that "[e]very order of
 conviction[3] of a felony . . . shall include
 consideration of restitution," save for a narrow
 exception not relevant here.[4] The statute requires a trial
 court to issue one of four types of restitution orders.
 Id.
 
 
          ¶9
 In Weeks, as here, the trial court entered the
 second type: "[a]n order that the defendant is obligated
 to pay restitution, but that the specific amount of
 restitution shall be determined within the ninety-one days
 immediately following the order
 
 6
 
 of conviction, unless good cause is shown for extending the
 time period by which the restitution amount shall be
 determined." § 18-1.3-603(1)(b); see also
 Weeks, ¶¶ 11, 14, 32, 498 P.3d at 149-50, 153.
 We held that the ninety-one-day deadline in subsection (1)(b)
 is the trial court's deadline, and to extend it, the
 statute requires the trial court to make an express
 good-cause finding before it expires. Weeks, ¶
 5, 498 P.3d at 148. Because the trial court in Weeks
 ordered the amount of restitution "[n]early a year after
 the sentencing hearing" and hadn't made an express
 good-cause finding before the deadline expired, id.
 at ¶¶ 15, 17, 498 P.3d at 150, we concluded that
 the trial court "lacked authority" to order
 restitution, id. at ¶ 45, 498 P.3d at 157. We
 therefore remanded that case "to the trial court with
 instructions to amend the mittimus to reflect that no
 restitution is required." Id. at ¶ 10, 498
 P.3d at 149.
 
 
          ¶10
 Babcock argues that his "case is on all fours with
 Weeks," and he therefore demands the same
 result. We disagree. Waiver was not before us in
 Weeks; neither party raised the issue, and we
 didn't address it. But even if it had been raised,
 Weeks is distinguishable for the reasons we
 articulate in People v. Roberson, 2025 CO 30,
 ¶¶ 15-16, __ P.3d __, one of the four companion
 cases we announce today. Specifically, Babcock's counsel
 requested that the trial court hold a restitution hearing and
 proposed a date that was nearly six months after
 sentencing-well
 
 7
 
 beyond the ninety-one-day deadline-and, unlike in
 Weeks, he didn't argue that the restitution
 amount must be finalized by the ninety-first day.
 
 
          ¶11
 Accordingly, Weeks doesn't mandate the same
 result here. We therefore turn to Babcock's argument that
 subsection (1)(b)'s deadline is jurisdictional.
 
 
          B. The
 Nature of Section 18-1.3-603(1)(b)'s Deadline
 
 
          1.
 Standard of Review and Principles of Statutory Interpretation
 
 
          ¶12
 We review questions of statutory interpretation de novo.
 Weeks, ¶ 24, 498 P.3d at 151.
 
 
          ¶13
 "When interpreting a statute, 'our primary purpose
 is to ascertain and give effect to the General Assembly's
 intent.'" Cowen v. People, 2018 CO 96,
 ¶ 12, 431 P.3d 215, 218 (quoting Pineda-Liberato v.
 People, 2017 CO 95, ¶ 22, 403 P.3d 160, 164). Our
 starting point is always the statute's language.
 Carrera v. People, 2019 CO 83, ¶ 17, 449 P.3d
 725, 729. We give the statute's words and phrases
 "their plain and ordinary meanings," id.,
 reading them in context and "constru[ing] them according
 to the rules of grammar and common usage," People v.
 Diaz, 2015 CO 28, ¶ 12, 347 P.3d 621, 624. "We
 construe the statute as a whole, in an effort to give
 consistent, harmonious, and sensible effect to all its
 parts." Id. And we don't add or subtract
 words from a statute. Id.
 
 
          ¶14
 When the statutory language is unambiguous, that is the end
 of our inquiry: We effectuate its plain and ordinary meaning.
 Carrera, ¶ 18, 449 P.3d at 729. Only
 
 8
 
 when the statutory language is ambiguous-that is, subject to
 more than one reasonable interpretation-do we turn to other
 interpretative aids, such as statutory history. Id.
 
 
          2.
 Jurisdictional vs. Directory Provisions
 
 
          ¶15
 "A court's 'jurisdiction' concerns its
 'power to entertain and to render a judgment on a
 particular claim.'" People in Int. of J.W. v.
 C.O., 2017 CO 105, ¶ 21, 406 P.3d 853, 858 (quoting
 In re Estate of Ongaro, 998 P.2d 1097, 1103 (Colo.
 2000)). Jurisdiction consists of two elements: subject matter
 jurisdiction, a "court's authority to deal with the
 class of cases," People v. Sprinkle,
 2021 CO 60, ¶ 15, 489 P.3d 1242, 1245 (quoting
 C.O., ¶ 24, 406 P.3d at 858), and personal
 jurisdiction, a court's power over the parties,
 C.O., ¶ 22, 406 P.3d at 858.
 
 
          ¶16
 The Colorado Constitution confers general jurisdiction on
 district courts, and unless otherwise provided, they have
 original jurisdiction in all criminal cases. Colo. Const.
 art. VI, § 9(1). While the General Assembly may limit a
 court's subject matter jurisdiction, "such
 limitations must be explicit." Wood v. People,
 255 P.3d 1136, 1140 (Colo. 2011).
 
 
          ¶17
 Statutory deadlines can be jurisdictional or directory.
 Jurisdictional deadlines typically limit a court's power
 over a class of cases and therefore concern a court's
 subject matter jurisdiction. If the legislature limits a
 court's jurisdiction through a deadline, a court
 "has no power to hear a case or enter a judgment"
 after
 
 9
 
 the deadline has passed. Currier v. Sutherland, 218
 P.3d 709, 714 (Colo. 2009); see, e.g., §
 16-14-104(1), C.R.S. (2024) ("Within one hundred
 eighty-two days after the receipt of the request by the court
 and the prosecuting official . . . the indictment,
 information, or criminal complaint shall be brought to trial
 . . . . If, after such a request, the indictment,
 information, or criminal complaint is not brought to trial
 within that period, no court of this state shall any longer
 have jurisdiction thereof . . . .").
 
 
          ¶18
 On the other hand, directory provisions "indicate[] only
 what should be done, with no provision for enforcement."
 Directory Statute, Black's Law Dictionary (12th
 ed. 2024). Therefore, a trial court's failure to abide by
 a directory provision may be erroneous, People in Int. of
 Clinton, 762 P.2d 1381, 1387 (Colo. 1988), but it
 doesn't necessarily invalidate an action, City &
 Cnty. of Denver Sch. Dist. No. 1 v. Denver Classroom Tchrs.
 Ass'n, 2017 CO 30, ¶ 20, 407 P.3d 1220, 1224.
 ¶19 There is no "bright-line test" to
 distinguish jurisdictional from directory provisions.
 Protest of McKenna, 2015 CO 23, ¶ 19, 346 P.3d
 35, 41. Rather, the distinction turns on legislative intent.
 Id. ¶20 With these principles in mind, we
 return to section 18-1.3-603(1)(b).
 
 
          3.
 Application
 
 
          ¶21
 Babcock argues that subsection (1)(b)'s ninety-one-day
 deadline is jurisdictional and therefore can't be waived.
 To the extent he argues that we held
 
 10
 
 as much in Weeks, he is mistaken. Although we held
 that the trial court "lacked authority" to order
 restitution under the circumstances presented by that case,
 Weeks, ¶ 45, 498 P.3d at 157, we didn't
 hold that trial courts lack jurisdiction to do so. And as we
 explain in one of the four companion cases we announce today,
 Tennyson v. People, 2025 CO 31, ¶ 54, __ P.3d
 __, "authority" and "jurisdiction" are
 not the same.
 
 
          ¶22
 Moreover, we disagree that subsection (1)(b) is
 jurisdictional for four reasons: (1) the General Assembly
 didn't explicitly say subsection (1)(b) is
 jurisdictional; (2) the statute contains affirmative, rather
 than negative, language; (3) the statute doesn't
 attribute any consequence to a violation of the
 ninety-one-day deadline; and (4) construing the deadline as
 jurisdictional contravenes the purposes of the statute.
 
 
          ¶23
 First, subsection (1)(b) states that a trial court may enter
 an order at sentencing that the defendant is obligated to pay
 restitution but that the specific amount "shall be
 determined within the ninety-one days immediately following
 the order of conviction, unless good cause is shown for
 extending the time period." It doesn't state that
 the trial court loses jurisdiction to order restitution after
 ninety-one days in the absence of a good-cause finding. On
 the contrary, it makes no reference to
 "jurisdiction" at all. This suggests the provision
 is not jurisdictional.
 
 11
 
          ¶24
 Second, subsection (1)(b) pairs "shall" with
 "be determined," rather than with negative language
 such as "in no event later than," Pearson v.
 Dist. Ct., 924 P.2d 512, 516 (Colo. 1996) (quoting
 DiMarco v. Dep't of Revenue, 857 P.2d 1349, 1352
 (Colo.App. 1993)). This type of affirmative language is
 "more indicative of a directory construction."
 Id. (quoting DiMarco, 857 P.2d at 1352).
 
 
          ¶25
 Third, subsection (1)(b) doesn't attribute any
 consequence to a violation of the deadline. Provisions that
 have "[n]o penalty . . . prescribed, nor consequence
 attached" for failure to comply are generally considered
 directory. Kemper v. Kemper, 344 P.2d 449, 450-51
 (Colo. 1959) (quoting Gen. Accident, Fire & Life
 Assurance Corp., Ltd., of Perth, Scot. v. Cohen, 216 P.
 522, 524 (Colo. 1923)); see also City & Cnty. of
 Denver Sch. Dist. No. 1, ¶ 20, 407 P.3d at 1224.
 
 
          ¶26
 Finally, interpreting the deadline as jurisdictional would
 contravene the stated purposes of the statute: to
 "provide for and collect full restitution for victims of
 crime in the most expeditious manner" and to facilitate
 "[t]he effective and timely assessment, collection, and
 distribution of restitution." § 18-1.3-601(1)(g),
 C.R.S. (2024). The General Assembly directed that the
 provisions of the statute are to be "liberally
 construed" to ensure restitution is "ordered,
 collected, and disbursed to the victims of crime and their
 immediate families." § 18-1.3-601(2). Were we to
 construe the deadline as jurisdictional, a victim, who has a
 statutory right to restitution, § 24-4.1-302.5(1)(h),
 C.R.S. (2024), could receive no
 
 12
 
 compensation due solely to a trial court's failure to
 meet the deadline. Such a result is antithetical to the
 statute's purposes.
 
 
          ¶27
 Because we hold that subsection (1)(b) isn't
 jurisdictional, its provisions can be waived. See
 Sprinkle, ¶ 17, 489 P.3d at 1246. We now consider
 whether Babcock waived the ninety-one-day deadline here.
 
 
          C.
 Waiver of Section
 18-1.3-603(1)(b)'s
 Deadline
 
 
          ¶28
 We review de novo whether a claim is waived. Richardson
 v. People, 2020 CO 46, ¶ 21, 481 P.3d 1, 5.
 
 
          ¶29
 Unlike waiver of a constitutional right, waiver of a
 statutory right "must be voluntary, but need not be
 knowing and intelligent." Finney v. People,
 2014 CO 38, ¶ 16, 325 P.3d 1044, 1050. Waiver may be
 explicit, such as "when a party expressly abandons an
 existing right or privilege," or implied, such as
 "when a party engages in conduct that manifests an
 intent to relinquish a right or privilege or acts
 inconsistently with its assertion." Forgette v.
 People, 2023 CO 4, ¶ 28, 524 P.3d 1, 7. Waiver
 extinguishes error and therefore any appellate review.
 People v. Rediger, 2018 CO 32, ¶ 40, 416 P.3d
 893, 902.
 
 
          ¶30
 The right to have the trial court determine the amount of
 restitution within ninety-one days of conviction arises from
 subsection (1)(b) rather than from the constitution, so
 waiver need only be voluntary, or "the product of a free
 and deliberate choice rather than intimidation, coercion, or
 deception."
 
 13
 
 People v. Smiley, 2023 CO 36, ¶ 16, 530 P.3d
 639, 644 (quoting Moran v. Burbine, 475 U.S. 412,
 421 (1986)). Babcock's counsel requested that a
 restitution hearing be set after the ninety-one-day deadline
 would expire. This request "manifest[ed] an intent to
 relinquish" Babcock's right to have the trial court
 determine the amount of restitution within ninety-one days of
 his conviction and was, therefore, inconsistent with the
 right's assertion. Forgette, ¶ 28, 524 P.3d
 at 7; see also Finney, ¶ 16, 325 P.3d at 1050
 ("Counsel may waive a defendant's statutory
 rights."). In essence, defense counsel impliedly
 requested that the trial court order the amount of
 restitution after the deadline would expire, so Babcock
 cannot now complain that he didn't voluntarily waive the
 right.
 
 
          III.
 Conclusion
 
 
          ¶31
 The judgment of the court of appeals is affirmed.
 
 
          
 JUSTICE GABRIEL, joined by CHIEF JUSTICE MÁRQUEZ,
 concurred in the judgment.
 
 14
 
          
 JUSTICE GABRIEL, joined by CHIEF JUSTICE MÁRQUEZ,
 concurring in the judgment.
 
 
          ¶32
 The majority concludes that when the prosecution filed a
 motion for restitution within the statutory deadline and
 Zachary Eugene Babcock asked the court to set a hearing on
 restitution outside the ninety-one-day deadline for the court
 to determine restitution, Babcock implicitly waived his right
 to have the court set the amount of restitution within the
 ninety-one-day period. Maj. op. ¶¶ 2, 30. The
 majority reaches this conclusion notwithstanding the absence
 of evidence that Babcock was aware of the deadline and its
 effect and that he intended to waive it.
 
 
          ¶33
 Because I believe that the majority's ruling is
 inconsistent with the plain meaning of the word
 "waiver," and because I further believe that the
 majority's opinion undermines the principles of waiver
 and forfeiture that we articulated unanimously just seven
 years ago in People v. Rediger, 2018 CO 32,
 ¶¶ 39-40, 416 P.3d 893, 902, I respectfully
 disagree.
 
 
          ¶34
 In my view, when a defendant asks the court to set a hearing
 outside the statutory deadline, this constitutes good cause
 under section 18-1.3-603(1)(b), C.R.S. (2024), for extending
 the court's deadline for setting restitution. ¶35
 Accordingly, I would conclude that the record in this case
 established good cause to set restitution beyond the
 statutory deadline, and thus I would reach the
 
 15
 
 same result as the majority but for different reasons. I
 therefore respectfully concur in the judgment, only.
 
 
          I.
 Factual Background
 
 
          ¶36
 The material facts are not disputed.
 
 
          ¶37
 Babcock pleaded guilty to child abuse resulting in serious
 bodily injury as part of a deferred judgment and sentencing
 agreement. The trial court accepted Babcock's plea and
 reserved restitution for ninety-one days.
 
 
          ¶38
 Eighty-two days later, on March 10, 2020, the prosecution
 filed a motion to impose restitution, and on March 18, 2020,
 ninety days after the court accepted Babcock's plea,
 Babcock objected to the restitution request and asked that
 the court set a hearing for June 2020. The court agreed to
 Babcock's request, although, due to the COVID-19
 pandemic, the hearing was ultimately postponed until August
 14, 2020. At that time, the court imposed the restitution
 requested by the prosecution.
 
 
          ¶39
 Babcock appealed, and in a unanimous, published opinion, a
 division of our court of appeals affirmed the restitution
 award, concluding that when a defendant requests a hearing on
 restitution outside the ninety-one-day statutory deadline by
 which a court must set restitution, the defendant waives any
 challenge to the timeliness of the restitution award.
 People v. Babcock, 2023 COA 49, ¶ 1, 535 P.3d
 981, 984.
 
 16
 
          ¶40
 We then granted Babcock's petition for a writ of
 certiorari.
 
 
          II.
 Analysis
 
 
          ¶41
 I begin by setting forth the applicable legal principles
 underlying our decision in this case. I then explain why I
 believe that when, as here, a criminal defendant asks a court
 to set a hearing outside the statutory deadline, this
 constitutes good cause under section 18-1.3-603(1)(b) to
 allow the court to set the amount of restitution beyond the
 ninety-one-day statutory deadline. Finally, I explain why I
 disagree with the majority's conclusion that Babcock
 implicitly waived his challenge to the timeliness of the
 restitution award.
 
 
          A.
 Applicable Legal Principles
 
 
          ¶42
 Our restitution statute, section 18-1.3-603, provides, in
 pertinent part:
 
 
 (1) Every order of conviction of a felony . . . shall include
 consideration of restitution. Each such order shall include
 one or more of the following:
 
 
 (a) An order of a specific amount of restitution be paid by
 the defendant;
 
 
 (b) An order that the defendant is obligated to pay
 restitution, but that the specific amount of restitution
 shall be determined within the ninety-one days immediately
 following the order of conviction, unless good cause is shown
 for extending the time period by which the restitution amount
 shall be determined;
 
 
 (c) An order, in addition to or in place of a specific amount
 of restitution, that the defendant pay restitution covering
 the actual costs of specific future treatment of any victim
 of the crime; or
 
 17
 
 (d) Contain a specific finding that no victim of the crime
 suffered a pecuniary loss and therefore no order for the
 payment of restitution is being entered.
 
 
 (2)(a) The court shall base its order for restitution upon
 information presented to the court by the prosecuting
 attorney, who shall compile such information through victim
 impact statements or other means to determine the amount of
 restitution and the identities of the victims. Further,
 the prosecuting attorney shall present this information
 to the court prior to the order of conviction or within
 ninety-one days, if it is not available prior to the order of
 conviction. The court may extend this date if it finds that
 there are extenuating circumstances affecting the prosecuting
 attorney's ability to determine restitution.
 
 
 (Emphases added.)
 
 
          ¶43
 We recently construed these provisions in People v.
 Weeks, 2021 CO 75, ¶¶ 29-40, 498 P.3d 142,
 152-55. There, we first concluded that section 18-1.3-603(2)
 controls "the timeframe within which the prosecution
 must submit the proposed amount of restitution."
 Id. at ¶ 31, 498 P.3d at 153. We said that
 under that subsection, the prosecution must file the proposed
 amount of restitution before the judgment of conviction
 enters, or, if the information is not then available, within
 ninety-one days of the judgment of conviction. Id.
 We further noted that the court may extend this deadline only
 if it finds "extenuating circumstances affecting the
 prosecution's ability to determine the proposed amount of
 restitution." Id.
 
 
          ¶44
 We next concluded, based on the statute's plain language,
 that the ninety-one-day deadline set forth in section
 18-1.3-603(1)(b) refers to the court's
 
 18
 
 deadline to determine the amount of restitution to be
 imposed, and we observed that the court may extend this
 deadline only for good cause shown. Weeks, ¶
 39, 498 P.3d at 154-55.
 
 
          ¶45
 Finally, we concluded that any findings of extenuating
 circumstances to extend the prosecution's deadline for
 submitting restitution information and of good cause to
 extend the court's deadline to determine the amount of
 restitution had to be made expressly and before the deadline
 expired. Id. at ¶ 40, 498 P.3d at 155.
 
 
          ¶46
 Applying those principles to the case there before us, where
 the trial court had determined the amount of restitution long
 after the statutory deadline and without a timely finding of
 good cause, we concluded that by the time the trial court had
 ordered Weeks to pay restitution, it lacked the authority to
 do so. Id. at ¶ 45, 498 P.3d at 157. We
 therefore affirmed the court of appeals division's
 judgment vacating the restitution award in that case.
 Id. at ¶ 47, 498 P.3d at 157. ¶47 Having
 thus set out the governing legal principles, I turn to the
 issues now before us.
 
 
          B.
 Good Cause to Extend the Statutory Deadline
 
 
          ¶48
 The principal question presented is whether, when the
 prosecution timely filed its motion to impose restitution and
 Babcock requested a hearing beyond the deadline set forth in
 section 18-1.3-603(1)(b) for the sentencing court to impose
 
 19
 
 restitution, the court properly set the hearing in accordance
 with Babcock's request and determined the amount of
 restitution beyond the statutory deadline. Like the majority,
 see Maj. op. ¶¶ 1-2, 30-31, I believe that
 it did, but I reach this conclusion for a different reason.
 
 
          ¶49
 As noted above, section 18-1.3-603(1)(b) allows a court to
 extend its ninety-one-day deadline for determining the amount
 of restitution when "good cause is shown for extending
 the time period by which the restitution amount shall be
 determined."
 
 
          ¶50
 In my view, when the prosecution timely files its motion to
 impose a specific amount of restitution and when, as here, a
 defendant objects and expressly asks the court to set a
 hearing on the restitution motion beyond the ninety-one-day
 statutory deadline and the court honors that request, good
 cause is plainly shown for extending the time period by which
 the court must determine the restitution amount.
 
 
          ¶51
 Such a conclusion is fully consistent with the plain language
 of section 18-1.3-603(1)(b), which requires no more than that
 good cause be shown, and it produces a just result for all
 parties and the victims to whom restitution will be awarded.
 
 
          ¶52
 Accordingly, on the facts presented, I would conclude that
 when the prosecution timely sought the imposition of a
 specific amount of restitution and
 
 20
 
 Babcock requested and the court granted a hearing beyond the
 ninety-one-day statutory deadline, then the record
 established good cause to allow the court to set restitution
 beyond the statutory deadline. Accordingly, I would reject
 Babcock's challenge to the timeliness of the restitution
 award and affirm the judgment of the division below, although
 on a different ground from that on which the division relied
 (and on which the majority here relies).
 
 
          ¶53
 In reaching this conclusion, I acknowledge that in
 Weeks, ¶ 40, 498 P.3d at 155, we said that a
 finding of good cause to extend the court's deadline to
 determine the amount of restitution had to be made expressly
 and before the deadline expires. Although I certainly agree
 that good cause must be shown on the record prior to the
 expiration of the statutory deadline, and although it might
 well be a good practice for the trial court to make an
 express finding of good cause on the record, I would modify
 our statement in Weeks to clarify that section
 18-1.3-603(1)(b) requires only that good cause be shown on
 the record, not an express finding of good cause by the trial
 court.
 
 
          C.
 Babcock Did Not Implicitly Waive His Rights Here
 
 
          ¶54
 Although I ultimately reach the same conclusion as the
 majority in this case, I cannot agree with the majority's
 reasoning.
 
 
          ¶55
 As noted above, the majority concludes that in requesting
 that the trial court set a hearing on the amount of
 restitution beyond the statutory deadline, Babcock
 
 21
 
 implicitly waived any objection to the timeliness of the
 order setting that amount. Maj. op. ¶¶ 2, 30. In my
 view, however, this analysis is inconsistent with the plain
 meanings of waiver and forfeiture that we articulated just
 seven years ago in our unanimous opinion in Rediger,
 ¶¶ 39-40, 416 P.3d at 902.
 
 
          ¶56
 In Rediger, we began by quoting the long-recognized
 definition of waiver, namely, that waiver is "the
 intentional relinquishment of a known right
 or privilege." Id. at ¶ 39, 416 P.3d at
 902 (quoting Dep't of Health v. Donahue, 690
 P.2d 243, 247 (Colo. 1984)). We further noted the
 time-honored principle that "we 'do not presume
 acquiescence in the loss of fundamental constitutional
 rights, and therefore indulge every reasonable presumption
 against waiver.'" Id. (quoting People
 v. Curtis, 681 P.2d 504, 514 (Colo. 1984)).
 
 
          ¶57
 We next observed that the requirement of an intentional
 relinquishment of a known right or privilege distinguishes a
 waiver from a forfeiture, which, we noted, "is 'the
 failure to make the timely assertion of a right.'"
 Id. at ¶ 40, 416 P.3d at 902 (quoting
 United States v. Olano, 507 U.S. 725, 733 (1993)).
 In support of this statement, we cited federal case law
 noting that waiver is accomplished by intent whereas a
 forfeiture results from neglect. Id. (citing
 United States v. Carrasco-Salazar, 494 F.3d 1270,
 1272 (10th Cir. 2007)). And we highlighted that the
 distinction between a waiver and a forfeiture is important
 because a waiver
 
 22
 
 extinguishes error and, thus, appellate review, while a
 forfeiture does not. Id. Rather, we may review a
 forfeited error under the plain error standard. Id.
 ¶58 In my view, Rediger served to clarify the
 principle of waiver, which had become muddled to the point
 that parties found it easy to assert waivers in all manner of
 circumstances. And my experience reading hundreds of briefs
 since we decided Rediger suggests to me that our
 clarification was successful. We have seen far fewer
 allegations of waiver and repeated (and correct)
 acknowledgements of the distinctions between waivers and
 forfeitures that we so carefully articulated in
 Rediger.
 
 
          ¶59
 Today, however, the majority appears to backtrack on what has
 been clear for at least the last seven years and again makes
 it easier for parties to assert waivers, concluding that, at
 least for statutory claims (which, of course, far outnumber
 constitutional claims), a party asserting a waiver need not
 show intent (or a knowing and intelligent waiver), but need
 show only that the other party acted voluntarily. Maj. op.
 ¶ 29.
 
 
          ¶60
 The majority does not explain why the term "waiver"
 should be defined one way if the matter involves
 constitutional rights and a different way if it involves
 statutory ones. In my view, a waiver is the intentional
 relinquishment of a known right regardless of the context in
 which it arises.
 
 23
 
          ¶61
 The majority's construct also undermines the distinction
 that we described in Rediger between a waiver, which
 extinguishes a party's right, and a forfeiture, which
 does not. Accordingly, in cases in which an attorney, through
 oversight or neglect, fails to assert a client's right,
 the client will again be foreclosed from ever asserting that
 right. In my view, such a result is unjust and denies access
 to justice for innumerable parties. It also undermines the
 fundamental principles that (1) we must indulge every
 reasonable presumption against waiver, Rediger,
 ¶ 39, 416 P.3d at 902; and (2) "the law abhors a
 forfeiture," Derby v. Police Pension & Relief
 Bd., 412 P.2d 897, 899 (Colo. 1966).
 
 
          ¶62
 Finally, in light of the foregoing definitions and heretofore
 settled legal principles, I perceive no basis to conclude
 that Babcock implicitly waived his right to challenge the
 timing of the setting of the amount of restitution when he
 asked the trial court to set a hearing beyond the
 ninety-one-day deadline set forth in section
 18-1.3-603(1)(b). The record does not demonstrate that either
 Babcock or his attorney was aware of the nature of that
 deadline or its effect. Indeed, the manifest confusion
 regarding the interpretation of the restitution statute is
 what precipitated our decision in Weeks,
 ¶¶ 1-2, 498 P.3d at 147, which we decided after
 Babcock requested a hearing outside the statutory deadline in
 this case. Accordingly, in my view, the record does not
 establish any intention on Babcock's part to waive his
 rights. Rather, his attorney's decision to seek a hearing
 beyond
 
 24
 
 the statutory deadline was most likely based on the same
 confusion regarding the proper interpretation of the
 restitution statute that, we noted in Weeks, had led
 prosecutors and courts to routinely misapply the deadlines
 set forth in that statute. Id. At worst,
 counsel's decision to seek a hearing beyond the statutory
 deadline was the result of oversight or neglect, not intent
 to waive that deadline. Either way, in such circumstances, I
 would not close the courthouse door on Babcock, and I would
 allow him to be heard, as my good cause analysis would do.
 
 
          III.
 Conclusion
 
 
          ¶63
 For these reasons, I would conclude that the record here
 established good cause to extend the trial court's
 statutory deadline to determine the amount of restitution. I
 do not, however, agree with the majority's view that
 Babcock implicitly waived his right to challenge the setting
 of restitution outside the statutory deadline.
 
 
          ¶64
 Accordingly, although I, too, would affirm the judgment of
 the division below, I would do so on different grounds from
 those on which the majority relies. I therefore concur in the
 judgment only.
 
 
 ---------
 
 
 Notes:
 
 
 [1] Unlike in one of the four companion
 cases we also announce today, Snow v. People, 2025
 CO 32, P.3d, there has been no debate here about
 Babcock's liability for restitution. Admittedly, as in
 Snow, the reservation of restitution is cryptic, and
 it isn't clear from the record that Babcock agreed to pay
 restitution as part of the plea agreement. See id.
 at ¶¶ 6-7. Although the subsequent motion to impose
 restitution states, "The defendant agreed, as part of
 the plea, that restitution would remain open for [ninety-one]
 days," the plea documents tell a different story:
 "Not Applicable" is marked under the statement,
 "[T]he defendant is liable for all restitution to be
 paid as ordered" in the Consent for Entry of Deferred
 Sentencing; the plea agreement doesn't mention
 restitution; and the transcript of the providency hearing
 reveals that the prosecution stated, "I'd be asking
 to reserve restitution, although we did not make it, ah, a
 binding obligation to [Babcock]." Nevertheless, because
 Babcock hasn't contested his liability to pay
 restitution, any question about that issue hasn't been
 preserved. Therefore, this opinion focuses on section
 18-1.3-603(1)(b) and the implied waiver of the right to have
 the trial court determine the amount of restitution within
 ninety-one days of conviction.
 
 
 [2] We granted certiorari to review the
 following issues:
 
 
 1. Whether, under People v. Weeks, 2021 CO
 75, [498 P.3d 142,] a restitution order must be vacated where
 the court failed to enter a restitution order within
 ninety-one days after the order of conviction and failed to
 make an explicit good cause finding to extend the
 deadline.
 
 
 2. Whether the ninety-one-day deadline to enter a
 restitution order is jurisdictional and cannot be
 waived.
 
 
 3. Whether, even if the ninety-one-day deadline to
 enter a restitution order is not jurisdictional, a defendant
 may waive the court's obligation to timely impose
 restitution by objecting to the amount of restitution and
 requesting a hearing.
 
 
 [3] For restitution purposes, a conviction
 includes "having received a deferred judgment and
 sentence or deferred adjudication; except that a person shall
 not be deemed to have been convicted if the person has
 successfully completed a deferred sentence or deferred
 adjudication." § 18-1.3-602(2), C.R.S.
 (2024).
 
 
 [4] The statute doesn't require
 consideration of restitution in "any order of conviction
 for a state traffic misdemeanor offense issued by a municipal
 or county court in which the prosecuting attorney is acting
 as a special deputy district attorney pursuant to an
 agreement with the district attorney's office."
 § 18-1.3-603(1).
 
 
 ---------